# In The Federal District Court for Maryland

| | |
|---|---|
| Kevin A. Soper (Pro Se) | * |
| | * |
| v | * Case Number _____ |
| | * |
| Willie Farrar, Dale Money | * JRR 26 CV 0 0 0 6 9 |
| Robert Sentman, Kieth Baynes, | * Plaintiff consents to Magistrate Jurisdiction |
| Charlene M. Notarcola | * Jury Trial Demanded |

## Plaintiff's Request for Stay

Plaintiff Kevin A Soper, proceeding pro se, respectfully moves this Court to stay all proceedings in the above-captioned matter pending the final resolution of his related state criminal appeal, currently before the Appellate Court of Maryland. In support of this motion, Plaintiff states as follows:

### I. INTRODUCTION

   This is a civil rights action brought under 42 U.S.C. § 1983, *Bivens*, and pendent state law, seeking damages for the unlawful arrest, search, and malicious prosecution that resulted in a state criminal conviction. That state conviction is currently the subject of a direct appeal in the Maryland state courts. Because success on several of Plaintiff's claims would necessarily imply the invalidity of his state conviction, this action is premature under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). The proper course of action, as guided by the Supreme Court, is not to dismiss the complaint, but to stay the proceedings until the state criminal appeal is resolved. A stay will preserve Plaintiff's timely-filed claims while promoting judicial economy.

### II. PROCEDURAL BACKGROUND

1. On January 5th, 2026, Plaintiff filed his Complaint in this Court. The Complaint alleges that federal and state officials violated his constitutional rights by, among other things, retaliating against him for protected First Amendment activity, subjecting him to an unlawful arrest and search in violation of the Fourth Amendment, and maliciously prosecuting him on charges for which the state court lacked jurisdiction.
2. This civil action is directly related to a criminal proceeding in the Circuit Court for Cecil County, Maryland, which resulted in a conviction. Plaintiff has filed a direct appeal of that conviction, and the appeal is currently pending before the Appellate Court of Maryland.
3. The statute of limitations for Plaintiff's claims is set to expire on or about February 2, 2026. Plaintiff filed this action to ensure his claims were brought within the limitations period. However, he acknowledges that under controlling precedent, many of his claims cannot proceed to adjudication unless and until his state conviction is overturned in the State Appellate Court

where it currently sits.

## III. ARGUMENT

### A Stay is Required Under the Doctrine of *Heck v. Humphrey*.

The Supreme Court has clearly established that a plaintiff cannot bring a civil rights action for damages if a favorable judgment would necessarily invalidate a criminal conviction that has not been overturned. In *Heck v. Humphrey*, the Court held:

> "To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose lawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."

512 U.S. 477, 486-87 (1994). This principle, known as the "*Heck* bar," applies equally to *Bivens* actions against federal officials.

Several of Plaintiff's central claims fall squarely within the *Heck* bar. For example, a finding that Plaintiff was subjected to malicious prosecution or false imprisonment would be inconsistent with the validity of his state conviction. Likewise, his claims for unlawful seizure under the Fourth Amendment, if successful, would necessarily imply the invalidity of the conviction that followed. Accordingly, these claims may not proceed at this time.

### A Stay, Not Dismissal, is the Appropriate Remedy.

When a civil rights action is filed that is subject to the *Heck* bar, the Supreme Court has instructed that the proper procedure is to stay the case. In *Wallace v. Kato*, 549 U.S. 384 (2007), the Court explained:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

Federal courts routinely follow this guidance, staying § 1983 actions to await the outcome of state criminal proceedings . This approach prevents a plaintiff from losing timely-filed claims to the statute of limitations while still respecting the finality of state court judgments.

Plaintiff's situation is a textbook example of when a *Wallace* stay is appropriate. He has filed his complaint to toll the statute of limitations, but the resolution of his claims depends entirely on the outcome of his pending state appeal. Dismissing the case would prejudice the Plaintiff by potentially extinguishing his claims, whereas a stay preserves the claims and aligns this proceeding with the mandates of *Heck* and *Wallace*.

### A Stay Promotes Judicial Economy.

Staying this case is also the most efficient course of action for the Court and the parties. Proceeding with discovery and motion practice at this stage would be a waste of resources, as the litigation would concern claims that may be legally barred from proceeding. The outcome of Plaintiff's criminal appeal will clarify which, if any, of his claims are cognizable. If his conviction is affirmed, his *Heck*-barred

claims must be dismissed. If his conviction is reversed, the stay can be lifted and the case can proceed on a clear legal footing. This avoids unnecessary and potentially duplicative legal work and allows the Court to address the claims in this case once, after the predicate state court issues have been resolved.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order staying this action in its entirety and to refrain from issuance of Summons to Defendants pending the final resolution of his criminal appeal in the Maryland State Courts.

**Respectfully submitted to this Court, the Plaintiff in the above captioned case swears and affirms that the information contained in the above styled Request for Stay is true and correct to the best of his knowledge:**

_____  1/5/2026
             Kevin A. Soper                    Date

Kevin A Soper
704 Cedarday Dr
Belair, Md. 21015
newlifebearing@yahoo.com