**IN THE**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

KEVIN SOPER,

      *Plaintiffs*,

      v.

WILLIE FARRAR, ET AL.,

      *Defendants*.

\*   \*   \*   \*   \*   \*

\*

\*   No. 1:26-cv-00069-JRR

\*

\*

\*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANTS' RESPONSE IN OPPOSITION**
**TO PLAINTIFF'S REQUEST FOR STAY**

Defendants, Keith Baynes, former Judge of the Circuit Court for Cecil County and current County Attorney, Charlene Notarcola, Clerk of the Circuit Court, and Robert Sentman, former Assistant State's Attorney and current Judge of the Circuit Court for Cecil County, by their undersigned counsel, file response in opposition to plaintiff's request for stay. (ECF 3.)

**INTRODUCTION**

Mr. Soper filed suit against the State Defendants for violations of 42 U.S.C. §§ 1983 and 1986 and related state tort claims arising out of his arrest and prosecution for disorderly conduct and wiretap charges. (ECF No. 1, ¶¶ 12-24.)  Concurrently, he filed a request to stay proceedings because his appeal of this conviction was pending.  (ECF 3.)

**ARGUMENT**

On the same day that plaintiff filed his request to stay, the Appellate Court of Maryland issued an unreported opinion affirming the decision of the trial court. Case No. 1751, September Term 2024. On January 21, 2026, plaintiff filed a petition for a writ of certiorari with the Supreme Court of Maryland. Petition No. 0453, September Term 2025.

Since plaintiff's appeal as of right has been resolved, there is no need for this Court to stay the proceedings. If the Supreme Court of Maryland grants plaintiff's petition, plaintiff can then seek a stay of these proceedings.

Additionally, there is no reason generally for a stay based on the nature of the complaint. The complaint seeks damages against individuals regarding actions taken in association with the prosecution of plaintiff. Since plaintiff's prosecution did not end in his favor, any malicious prosecution claim cannot be pursued. *Daniczek v. Spencer*, 156 F. Supp.3d 239 (E.D. Va. 2016); *Heron v. Strader*, 361 Md. 258 (2000). Should that be reversed, contrary to plaintiff's contention, the statute of limitations would not begin to toll until the date of the reversal. *Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014). All plaintiff's other claims should be unaffected by the Supreme Court of Maryland's actions.

## CONCLUSION

For the foregoing reasons, this Honorable Court should deny plaintiff's request for stay.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Wendy L. Shiff

_____

WENDY L. SHIFF
Federal Bar No. 09076
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
wshiff@oag.state.md.us
(410) 576-6996
(410) 576-6955 (facsimile)

April 16, 2026

*Attorneys for Defendants*
*Keith Baynes, Charlene Notarcola,*
*and Robert Sentman*

3

## CERTIFICATE OF SERVICE

I certify that, on this 16th day of April, 2026 the foregoing was served by CM/ECF

on all registered CMF users and by first-class mail on the following:

Kevin A. Soper
704 Cedarday Drive
Bel Air, Maryland  21015


/s/ Wendy L. Shiff

_____

Wendy L. Shiff

4