# In The Federal District Court for Maryland

| | | |
|---|---|---|
| Kevin A. Soper (Pro Se) | * | |
| | * | |
| v | * | Case Number 1:26-cv-00069 |
| | * | |
| Willie Farrar, Dale Money | * | |
| Robert Sentman, Keith Baynes, | * | Plaintiff consents to Magistrate Jurisdiction |
| Charlene M. Notarcola | * | Jury Trial Demanded |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS

Now Comes Plaintiff Pro Se, Kevin A Soper, files this Reply in Support of Motion to Stay Proceedings and states as follows:

## RESPONSE TO DEFENDANTS' OPPOSITION

Defendants argue against a stay, claiming that the Court's authority under Wallace v. Kato ends when the direct appeal is complete. This argument fundamentally misunderstands both Wallace v. Kato and Maryland's appellate procedures.

## I. UNDER WALLACE V. KATO, A CERTIORARI PETITION IS PART OF THE ONGOING "CRIMINAL CASE"

Under Wallace v. Kato, the Supreme Court established that district courts have the authority—and it is common practice—to stay civil actions § 1983 until "the criminal case or the likelihood of a criminal case is ended." 549 U.S. 384, 394 (2007). The key inquiry is whether "the criminal case or the likelihood of a criminal case is ended." Defendants argue that because Plaintiff has exhausted the appeal as of right, the criminal case has concluded. This is incorrect.

Maryland's appellate structure follows a two-tiered system. Unlike jurisdictions where a single appeal as of right exhausts appellate remedies, Maryland provides for discretionary review by the Supreme Court of Maryland through a petition for writ of certiorari. The Supreme Court of Maryland retains jurisdiction to grant or deny this petition, and until that determination is made, the criminal case—in the fullest sense of

the term—is still pending and subject to potential further review.

## II. MARYLAND RULE 8-303 CONFIRMS THAT THE JUDGMENT IS NOT FINAL WHILE CERTIORARI IS PENDING

Under Maryland Rule 8-303(a), once a party timely files a petition for writ of certiorari, the Court of Special Appeals withholds issuance of its mandate for thirty days after the decision, "or until the Supreme Court of Maryland disposes of the petition if a timely petition is filed." As of the date of this filing, the Supreme Court of Maryland has not disposed of Plaintiff's petition. Therefore:

1. The mandate from the Appellate Court has issued;
2. The judgment is not final under Maryland law; and
3. The criminal case, as contemplated in Wallace v. Kato, has not concluded.

This is consistent with Supreme Court precedent recognizing that a case remains pending—and subject to potential reversal—until all available appeals are exhausted. See *generally* United States v. Robinson, 361 U.S. 220 (1960). Defendants' argument that certiorari is somehow irrelevant effectively renders Maryland's two-tiered appellate system meaningless.

## III. THE STATE'S RELIANCE ON OWENS ACTUALLY SUPPORTS THE STAY

Defendants cite Owens v. Baltimore City State's Attorney Office, 767 F.3d 379 (4th Cir. 2014) for the proposition that if Plaintiff's conviction is eventually reversed on certiorari, the statute of limitations will begin to run at that time. This actually reinforces why a stay is necessary and appropriate.

If the Supreme Court of Maryland grants certiorari and reverses Plaintiff's conviction, the Heck v. Humphrey bar will be removed, and Plaintiff's claims will become immediately cognizable in this Court. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A stay now preserves the status quo and allows for an orderly sequence: (1) completion of state proceedings; (2) determination of whether Plaintiff's conviction stands; and (3) if reversed, commencement of § 1983 litigation when claims are no longer Heck-barred.

Without a stay, this Court would be forced to either (a) proceed with litigation on claims that may be ultimately barred if the conviction is affirmed, or (b) dismiss now and require Plaintiff to refile later—a wasteful result entirely at odds with judicial

economy. The stay preserves judicial resources by avoiding either outcome.

## IV. DEFENDANTS CONCEDE THAT MULTIPLE CLAIMS ARE HECK-BARRED

Defendants acknowledge that Plaintiff's malicious prosecution claim cannot proceed without favorable termination of the underlying criminal proceeding—i.e., a reversal of the conviction on appeal. This concession confirms that significant portions of Plaintiff's complaint remain subject to the Heck v. Humphrey bar until the Maryland Supreme Court acts on the petition for writ of certiorari.

A stay preserves these claims for potential revival if Plaintiff prevails on certiorari. Dismissing now would force Plaintiff to refile, risking statute of limitations issues and duplicative motion practice. A stay is the more efficient and appropriate remedy.

## V. JUDICIAL ECONOMY FAVORS A BRIEF STAY

The Supreme Court of Maryland's decision on Plaintiff's petition for writ of certiorari is imminent. This is not a case where the Court would be asked to wait years for state proceedings to conclude. The petition is fully briefed, and a decision is expected in the coming weeks or months.

Granting a stay now avoids the wasteful scenario of litigating claims now that may be barred (or must be refiled) depending on the state court's ruling, when that ruling is imminent. This Court should stay these proceedings pending disposition of the petition for writ of certiorari.

## THE STAY WILL CAUSE NO PREJUDICE TO ANY PARTY

This case is in its preliminary stages. The State Defendants filed a Motion to Dismiss on April 14th, 2026. Plaintiff timely filed a Motion for Extension of Time to respond, which was joined by the State Defendants. The federal defendants' response to the complaint is not due until May 24, 2026. No discovery has commenced. A brief stay pending the Maryland Supreme Court's certiorari decision will not disrupt any scheduled proceedings and will cause no prejudice to any party.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court GRANT the Motion to Stay Proceedings pending the Supreme Court of Maryland's disposition of the Petition for Writ of Certiorari.

**Defendant Pro Se, Kevin A. Soper, swears and affirms that the contents of this Motion are true and correct to the best of his knowledge and belief. Respectfully submitted,** _____   4/22/2026

                    Kevin A. Soper                Date

704 Cedarday Dr

Belair, Md 21015

newlifebering@yahoo.com

## Certificate of Service

Plaintiff, Kevin A. Soper, hereby certifies that Respondent State of Maryland was served with this Reply in Support of Plaintiff's Motion to Stay via USPO First Class Registered Mail to: WENDY L. SHIFF  Assistant Attorney General. Office of the Attorney General for Maryland at;

              Office of the Attorney General
              200 St. Paul Place 20th Fl
              Baltimore, MD 21202

_____   4/22/2026

           **Kevin A. Soper**           /Date

Kevin A. Soper
704 Cedarday Dr
Belair, Md 21015
newlifebering@yahoo.com