# In The Federal District Court for Maryland

| | |
|---|---|
| Kevin A. Soper (Pro Se) | * |
| | * |
| v | * Case Number;    1:26-cv-00069 |
| | * |
| Willie Farrar, Dale Money | * |
| Robert Sentman, Kieth Baynes, | * Plaintiff consents to Magistrate Jurisdiction |
| Charlene M. Notarcola | *         Jury Trial Demanded |

## Plaintiff's Judicial Notice to the Court

**TO THE HONORABLE COURT:**

Plaintiff Kevin A. Soper, pro se, respectfully requests that this Court take judicial notice of the following matters pursuant to Federal Rule of Evidence 201:

## I. DENIAL OF PETITION FOR WRIT OF CERTIORARI BY MARYLAND SUPREME COURT

1. On April 27, 2026, the Supreme Court of Maryland (formerly Court of Appeals of Maryland) denied Plaintiff's Petition for Writ of Certiorari in the underlying criminal matter.

2. The underlying case stems from Plaintiff's conviction in the Circuit Court for Cecil County, Maryland, Case No. [C-07-CR-23-000258/414 ], for conduct occurring at the Perry Point VA Medical Center, a federal enclave.

3. Plaintiff's Petition for Writ of Certiorari raised substantial federal questions regarding: (a) The supremacy of federal authority over conflicting state criminal statutes within federal enclaves; (b) The application of the Supremacy Clause, U.S. Const. Art. VI, cl. 2; (c) Federal preemption under 38 U.S.C. § 902 and VHA Directive 1078; (d) First and Fourteenth Amendment violations arising from the criminalization of conduct permitted by federal law; and (e) The State of Maryland's lack of jurisdiction to prosecute conduct occurring entirely within a federal enclave.

4. The denial of certiorari by the Maryland Supreme Court leaves intact the decision

of the Appellate Court of Maryland, which affirmed Plaintiff's conviction without addressing the federal constitutional and jurisdictional issues raised.

## II. PENDING HABEAS CORPUS PETITION IN THIS COURT

5. Plaintiff has prepared and is in the process of delivering a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 to this Honorable Court. The Habeas Petition was placed in the U.S. Mail 3rd day ground, certified delivery, on 05/04/2026.

6. The Habeas Corpus Petition is expected to be on the Court's record by the end of this week.

7. The Habeas Corpus Petition challenges the same facts and legal issues presented to the Maryland Supreme Court in the Petition for Writ of Certiorari, specifically: (a) Federal supremacy and preemption under 38 U.S.C. § 902 and VHA Directive 1078; (b) The State of Maryland's lack of jurisdiction over conduct occurring within a federal enclave; (c) First Amendment right to record and Fourteenth Amendment Due Process violations; (d) Violation of Petitioner's right to present a complete defense by exclusion of federal authority evidence; and (e) The ongoing collateral consequence of Plaintiff's criminal conviction affecting Plaintiff's civil rights.

## III. PENDING RESPONSE TO MOTION TO DISMISS

8. Plaintiff's Response to Defendants' Motion to Dismiss in this case is currently pending and is due to this Court no later than May 26, 2026.

9. Plaintiff will expand upon his argument for a Stay of proceedings in his Response to the Motion to Dismiss, including the relationship between the pending Habeas Corpus Petition, the denial of certiorari by the Maryland Supreme Court, and the instant Section 1983 action.

## IV. RELEVANCE TO PENDING SECTION 1983 MOTION TO DISMISS

10. The instant civil action pursuant to 42 U.S.C. § 1983 arises from the same operative facts and legal theories as the underlying criminal conviction and the

pending Habeas Corpus Petition.

11. The denial of certiorari by the Maryland Supreme Court and the filing of the Habeas Corpus Petition are relevant to this Court's consideration of Defendants' pending Motion to Dismiss because: (a) They demonstrate the exhaustion of state remedies as required by 28 U.S.C. § 2254 and the Prison Litigation Reform Act; (b) They establish that the federal constitutional questions raised in this Section 1983 action are ripe for federal adjudication; (c) They confirm that the Maryland state courts have declined to address the federal supremacy and jurisdictional issues central to this civil action; (d) The pending Habeas Corpus Petition seeks the same relief—vacatur of the conviction—that would moot certain defenses raised in this civil action.

## V. CONCLUSION

12. Pursuant to Federal Rule of Evidence 201, Plaintiff requests that this Court take judicial notice of: (a) The denial of Plaintiff's Petition for Writ of Certiorari by the Supreme Court of Maryland on April 27, 2026; (b) The pending delivery and expected filing of Plaintiff's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in this Court; and (c) The pending Response to Defendants' Motion to Dismiss, due May 26, 2026.

13. Plaintiff further requests that this Court consider the relationship between the pending Habeas Corpus Petition, the denial of certiorari, and the instant Section 1983 action in ruling upon Defendants' Motion to Dismiss, including the potential for staying proceedings in this civil action pending resolution of the Habeas Corpus Petition, or consolidating issues where appropriate.

**WHEREFORE**, Plaintiff respectfully requests that this Court take judicial notice of the matters set forth above and consider such matters in ruling upon the pending Motion to Dismiss and the pending Motion to Stay.

**Respectfully submitted**, Kevin A. Soper swears and affirms that the contents of this Judicial Notice are true and correct to the best of his knowledge and belief.

7/4/2026

3 Of 4

Kevin A. Soper                          05/04/2026

704 Cedarday Dr

Belair, Md 21015

newlifebearing@yahoo.com

## Certificate of Service

Kevin A. Soper certifies that the above Judicial Notice was served upon the Defendants in the above captioned case electronically via the Court's CM/ECF Filing System.

_____        5/4/2026
          Kevin A. Soper                       05/04/2026

704 Cedarday Dr

Belair, Md 21015

newlifebearing@yahoo.com