IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **KEVIN A. SOPER,**<br><br>*Plaintiff*,<br><br>v.<br><br>**WILLIE FARRAR,** *et al.*,<br><br>*Defendants*. | **Case No. 1:26-cv-00069-JRR** |

## ORDER

Pending before the court is *pro se* Plaintiff Kevin A. Soper's Request for Stay at ECF No. 3 (the "Motion"). Plaintiff initiated this action against Defendants Willie Farrar, Dale Money, Robert Sentman, Kieth Baynes, and Charlene M. Notarcola on January 8, 2026. (ECF No. 1.) Plaintiff's 17-count Complaint asserts violations of the First Amendment, 42 U.S.C. §§ 1983, 1985, 1986, and the Privacy Protection Act, as well as claims for *Bivens*[1] violations, defamation, civil conspiracy, false imprisonment, malicious prosecution, abuse of process, fraud, and intentional infliction of emotional distress. *Id.* ¶¶ 26–140. Plaintiff's claims stem from his efforts to film his doctor's appointment at Perry Point Veteran's Hospital as a citizen journalist, for which he was eventually investigated, arrested, and prosecuted. *Id.* ¶¶ 10–16. He was subsequently charged with violation of the Maryland Wiretap Act and disorderly conduct; he was convicted of the former and acquitted of the latter. *Id.* ¶¶ 16–22. Plaintiff alleges a series of misconduct throughout the course of his criminal prosecution. *Id.* ¶¶ 17–23.

At the time he initiated this action, Plaintiff simultaneously filed the instant Motion, asking

---

[1] These claims rest on the theory adopted by the U.S. Supreme Court in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

this court to stay the instant matter pending final resolution of his pending state appeal. (ECF No. 3.) Therein, Plaintiff reasons that "the resolution of his claims depends entirely on the outcome of his pending state appeal," because "many of his claims cannot proceed to adjudication unless and until his statute conviction is overturned in the State Appellate Court." *Id.* at pp. 1–2.

The court has reviewed the state court records and discerns that Plaintiff's appeal is concluded; the Appellate Court of Maryland affirmed the judgment of the Circuit Court for Cecil County, Maryland, *see Soper v. State*, No. 1751, Sept.term,2024, 2026 WL 63063, at *1 (Md. Ct. Spec. App. Jan. 8, 2026), and denied his motion for reconsideration. The Supreme Court of Maryland denied Plaintiff's petition for writ of certiorari on April 27, 2026.[2]

In view of the foregoing, it is this 6th day of May 2026:

**ORDERED** that the Motion (ECF No. 3) shall be, and is hereby, **DENIED as moot**; and further it is

**ORDERED** that, in view of change in the status of Plaintiff's appeal, his representations regarding impact of same on his claims, and the liberal policy to allow amendment under Federal Rule of Civil Procedure 15(a), the court grants Plaintiff leave to file an Amended Complaint on or before May 20, 2026.

The court also advises that the proofs of service offered by Plaintiff as to Defendants Farrar and Money do not appear to reflect proper service. (ECF No. 7 at pp. 1–2.) Despite the selections made in the proofs, neither reflects personal service of the individual Defendants or service of an individual authorized to receive service for these Defendants. Plaintiff must effect, and file proof

---

[2] Plaintiff subsequently filed a notice advising the court that his Petition for Writ of Certiorari had been denied by the Supreme Court of Maryland. (ECF No. 15.) *See also United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (noting that courts "routinely take judicial notice of information contained on state and federal government websites"). *Cf. Kashyap, LLC v. Nat. Wellness USA, Inc.*, No. CIV.A. DKC 11-0459, 2011 WL 2462192, at *3 (D. Md. June 16, 2011) ("[A] court may take judicial notice of facts from a prior judicial proceeding so long as the affirmative defense does not raise a disputed issue of fact.").

of, service of these Defendants or risk issuance of an order to show cause why this case should not be dismissed against those Defendants pursuant to Federal Rule of Civil Procedure 4(m).

Accordingly, it is further:

**ORDERED** that, in the event Plaintiff does not file an Amended Complaint, Plaintiff shall effect, and file proof of, service of Defendants Farrar and Money on or before May 20, 2026; should Plaintiff file an Amended Complaint, he shall request reissuance of summons (if needed) and effect, and file proof of, service on or before June 10, 2026.

May 6, 2026                          /s/_____
                                     Julie R. Rubin
                                     United States District Judge