# In The Federal District Court for Maryland

| | |
|---|---|
| Kevin A. Soper (Pro Se) | * |
| | * |
| v | * Case Number;   1:26-cv-00069 |
| | * |
| Willie Farrar, Dale Money | * |
| Robert Sentman, Kieth Baynes, | * Plaintiff consents to Magistrate Jurisdiction |
| Charlene M. Notarcola | *          Jury Trial Demanded |

## Plaintiff Motion to Reconsider

Plaintiff, pro se, respectfully submits this Motion to Reconsider the Court's Order Denying Plaintiff's Motion to Stay Proceedings (Document 16), entered on May 6, 2026, and in support thereof, states as follows:

### I. INTRODUCTION

1. On May 6, 2026, this Court issued an Order Denying Plaintiff's Motion to Stay Proceedings as moot, finding that the state criminal proceedings had concluded. This Order was entered based upon the record as it existed at the time of issuance.

2. However, on the same date, May 6, 2026, Plaintiff filed a Judicial Notice with this Court that contained critical information not before the Court at the time the Order was issued. The Court's Order was entered before Plaintiff's Judicial Notice was processed onto the record.[1]

3. The Judicial Notice informed this Court of: a. The Maryland Supreme Court's denial of Plaintiff's Petition for Writ of Certiorari on April 27, 2026; b. The filing of a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in this District, which was expected to be on the Court's record by the end of the week of May 6, 2026; and c. The fact that the Habeas Petition challenges the same facts and law presented to the Maryland Supreme Court regarding federal supremacy and jurisdiction.

4. Because the Court's Order was issued without the benefit of this critical information, and because the presence of the § 2254 Habeas Petition

---

[1]  Plaintiff's "Judicial Notice' was filed electronically, after hours, on May 5th, 2026 but is not entered on the record (PACER) until May 6th, 2024. Plaintiff's Habeas Corpus Petition is not mentioned in the Order of May 6th.

fundamentally alters the analysis of whether a stay of these proceedings is warranted, Plaintiff respectfully requests that this Court reconsider and vacate its Order Denying Stay.

## II. THE COURT'S ORDER WAS ENTERED BEFORE PLAINTIFF'S JUDICIAL NOTICE WAS FILED

5. On 01/08/2026, Plaintiff filed a Motion to Stay Proceedings pending exhaustion of state remedies and conclusion of state appellate proceedings. Parties have fully briefed the Motion.

6. On May 6, 2026, this Court issued an Order (Document 16) denying Plaintiff's Motion to Stay as moot, stating in relevant part:

   "Plaintiff's Motion to Stay is DENIED as moot. The state criminal proceedings have concluded, and Plaintiff's direct appeals have been exhausted."

7. Also on May 6, 2026, Plaintiff filed a Judicial Notice (Document ECF 15) with this Court providing notice of: a. The Maryland Supreme Court's denial of certiorari on April 27, 2026; b. The pending delivery of a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 to this Court; and c. The relationship between the Habeas Petition and the instant § 1983 action.

8. The Court's Order was issued before Plaintiff's Judicial Notice was processed and entered on the record. Consequently, the Court's determination that the Motion to Stay was "moot" was based upon an incomplete record that did not reflect the existence of the pending § 2254 Habeas Petition contained in the Judicial Notice.

## III. NEW INFORMATION NOT CONSIDERED BY THE COURT

9. Plaintiff's Judicial Notice, filed on May 6, 2026, provided this Court with information that was not before the Court at the time it issued the Order Denying Stay:

   a. The Maryland Supreme Court denied Plaintiff's Petition for Writ of Certiorari on April 27, 2026, leaving intact the Appellate Court of Maryland's decision affirming Plaintiff's conviction.

   b. Plaintiff has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in this District, which challenges the same conviction and raises the same federal questions of supremacy, jurisdiction, and constitutional violations presented to the

Maryland Supreme Court.

c. The § 2254 Habeas Petition was entered on this Court's record on May 6, 2026.

10. The § 2254 Habeas Petition challenges the validity of Plaintiff's underlying state court conviction based upon: a. Violations of the Supremacy Clause, U.S. Const. art. VI, cl. 2; b. Federal preemption of state law within federal enclaves; c. Lack of subject matter jurisdiction by Maryland state courts over conduct occurring within federal VA facilities; and d. Violations of the First and Fourteenth Amendments.

11. The issues raised in the § 2254 Habeas Petition are inextricably intertwined with the issues raised in Plaintiff's § 1983 action. Both actions challenge the validity of the same state court conviction and the authority of state officials to prosecute conduct occurring within federal enclaves.

## IV. GROUNDS FOR RECONSIDERATION

12. Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment within 28 days after the entry of judgment. Local Rule 105.2 of the United States District Court for the District of Maryland similarly provides that a motion for reconsideration may be granted "upon a showing of newly discovered evidence or manifest errors of law or fact."

13. Alternatively, the Court possesses inherent authority to reconsider interlocutory orders "in order to adapt to the exigencies of a developing case." See Mar. Oil Trading & Transp., Inc. v. M/V Ritz Estate, 93 F. Supp. 2d 580, 586 (D. Md. 2000).

14. Here, reconsideration is warranted because:

a. The Court's finding that the Motion to Stay was "moot" was based upon an incomplete record that did not include the pending § 2254 Habeas Petition;

b. The existence of the § 2254 Habeas Petition fundamentally alters the analysis of whether a stay is appropriate, as Plaintiff is no longer merely seeking to exhaust state remedies—Plaintiff is actively challenging the underlying conviction through federal habeas corpus;

c. The § 2254 Habeas Petition raises federal questions that are central to Plaintiff's § 1983 claims, including federal supremacy, jurisdiction, and constitutional violations;

d. Failure to stay the § 1983 action pending resolution of the § 2254 Habeas Petition risks inconsistent rulings, duplicative litigation, and potential prejudice to

Plaintiff;

e. The Supreme Court has emphasized the importance of staying civil actions when related criminal proceedings are pending to avoid prejudice to the criminal defendant. See Murphy v. United Parcel Serv., Inc., 527 U.S. 516 (1999); Heck v. Humphrey, 512 U.S. 477 (1994).

## V. THE PENDING HABEAS PETITION REQUIRES STAY OF PROCEEDINGS

15. The filing of the § 2254 Habeas Petition reinstates the necessity for a stay of this § 1983 action. The Habeas Petition challenges the validity of the underlying state court conviction that forms the basis for Defendants' potential defenses in this action.

16. Under Heck v. Humphrey, 512 U.S. 477 (1994), a § 1983 action that necessarily implies the invalidity of a criminal conviction is barred until the conviction has been invalidated. While Plaintiff maintains that his § 1983 claims are not barred by Heck, the pendency of the § 2254 Habeas Petition provides an alternative basis for staying these proceedings.

17. The Supreme Court has recognized that "if the plaintiff can demonstrate that the civil proceeding would impede or interfere with the criminal case, a stay is appropriate." See Kenton v. Rowe, 150 F. Supp. 2d 400, 403 (D. Md. 2001) (citing authorities).

18. Here, proceeding with the § 1983 action while the § 2254 Habeas Petition is pending would: a. Risk inconsistent rulings on the validity of Plaintiff's state court conviction; b. Potentially prejudice Plaintiff's ability to fully litigate the federal questions raised in the Habeas Petition; c. Create duplicative litigation over the same facts and legal issues; d. Undermine the finality of any ruling on the § 2254 Habeas Petition.

19. A stay of the § 1983 action pending resolution of the § 2254 Habeas Petition would promote judicial economy, avoid inconsistent rulings, and protect Plaintiff's rights.

## VI. CONCLUSION

20. For the foregoing reasons, Plaintiff respectfully requests that this Court:

a. Grant this Motion to Reconsider and vacate the Court's Order Denying

Plaintiff's Motion to Stay Proceedings (Document 16);

b. Stay proceedings in this § 1983 action pending final resolution of Plaintiff's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, currently pending or expected to be pending before this Court;

c. Alternatively, consolidate the § 1983 action with the § 2254 Habeas Corpus proceeding for coordinated disposition; and

e. Grant such other and further relief as this Court deems just and proper.

**Respectfully submitted**, Kevin A. Soper swears and affirms that the contents of this Motion to Reconsider are true and correct to the best of his knowledge and belief.

_____        _____
Kevin A. Soper                                                05/07/2026

704 Cedarday Dr

Belair, Md 21015

newlifebearing@yahoo.com

## Certificate of Service

Kevin A. Soper certifies that the above Motion to Reconsider was served upon the Defendants in the above captioned case electronically via the Court's CM/ECF Filing System.

_____        _____
Kevin A. Soper                                                05/07/2026

704 Cedarday Dr

Belair, Md 21015

newlifebearing@yahoo.com

5 Of 5