IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **KEVIN A. SOPER,**<br><br>   ***Plaintiff,***<br><br>  v.<br><br>**WILLIE FARRAR,** *et al.,*<br><br>   ***Defendants.*** | **Case No. 1:26-cv-00069-JRR** |

## <u>ORDER</u>

Pending before the court is *pro se* Plaintiff Kevin A. Soper's Motion to Reconsider at ECF No. 17 (the "Motion"). Plaintiff asks this court to reconsider its decision to deny as moot Plaintiff's request to stay the current proceeding "pending the final resolution of his criminal appeal in Maryland State Courts." *Id.* at p. 5. Where there is no dispute that Plaintiff's state criminal appeal proceedings have concluded, the court discerns no error in its denial of his request for stay on grounds of mootness.

To the extent Plaintiff now requests this court stay the instant action for a different reason— pending resolution of his civil challenge posed in his newly-filed Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254—the court declines to do. The parties are in agreement that the limitations period for Plaintiff's claims sounding in malicious prosecution "commences when the proceedings brought against him are resolved in his favor." *Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 390 (4th Cir. 2014). That has not occurred, and the court does not countenance an indeterminate stay when the limitations period already addresses Plaintiff's exact concern. While Plaintiff contends that there are risks of inconsistent rulings, duplicative litigation, and potential prejudice, *see* ECF No. 17 ¶ 14, he is incorrect; while the cases may factually overlap,

the cases call for legally distinct rulings, with one challenging the constitutionality of Plaintiff's criminal conviction, *see* 28 U.S.C. § 2254, and the other, at issue here, seeking civil damages based on Defendants' violations of law related to Plaintiff's alleged wrongful prosecution. That these cases may proceed at the same time does not risk duplicative litigation, inconsistent rulings, or prejudice to Plaintiff.

Accordingly, for the foregoing reasons, it is this 13th day of May 2026,

**ORDERED** that the Motion (ECF No. 17) shall be, and is hereby, **DENIED**;[1] and further it is

**ORDERED** that the time for Plaintiff to file his Amended Complaint in accordance with the court's order at ECF No. 16 is extended to May 27, 2026; and further it is

**ORDERED** that, as set forth in the court's order at ECF No. 16, in the event Plaintiff does not file an Amended Complaint, Plaintiff shall effect, and file proof of, service of Defendants Farrar and Money on or before May 27, 2026; should Plaintiff file an Amended Complaint, he shall request reissuance of summons (if needed) and effect, and file proof of, service on or before June 17, 2026.

/s/_____
Julie R. Rubin
United States District Judge

---

[1] Plaintiff asks, in the alternative, that this court consolidate the instant action with the § 2254 action "for coordinated disposition," which would seemingly be a request for a *de facto* stay. Regardless, the court denies this request for the reasons set forth herein.