# In The Federal District Court for Maryland

Kevin A. Soper (Pro Se)  　　　　*

　　　　　　　　　　　　　　　*

　　　　　v　　　　　　　　　　* Case Number 1:26-cv-00069

　　　　　　　　　　　　　　　*

Willie Farrar, Dale Money　　　*

　　Robert Sentman,　　　　　　* Plaintiff consents to Magistrate Jurisdiction

Charlene M. Notarcola　　　　　*　　　　Jury Trial Demanded

# Plaintiff's First Amended Complaint for Deprivation of Civil Rights

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because the Plaintiff's claims arise under the First and Fourth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983, Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and under the Privacy Protection Act, 42 U.S.C. § 2000aa.

2. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case or controversy.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## II. PARTIES

4. Plaintiff Kevin A Soper is a citizen of the United States, a resident of the State of Maryland, and is proceeding pro se in this action.

5. Defendant Capt Willie Farrar is sued in his individual capacity. At all relevant times, he was acting under color of federal law as a Captain with the U.S. Department of Veterans Affairs Police at the Perry Point Veteran's Hospital facility.

6. Defendant Sgt Dale Money is sued in his individual capacity. At all relevant times, he was acting under color of federal law as a Sergeant with the U.S. Department of Veterans Affairs Police at the Perry Point Veteran's Hospital facility.

1 Of 14

7. Defendant Robert Sentman is sued in his individual capacity. At all relevant times, he was acting under color of state law as an investigator and prosecutor for Cecil County, Maryland.

8. Defendant Charlene M. Notarcola is sued in her individual capacity. At all relevant times, she was acting under color of state law as the Clerk of the Circuit Court for Cecil County, Maryland, a position she has held since on or about August 13, 2015.

# III. STATEMENT OF FACTS

9. Plaintiff is a citizen journalist who regularly films in public areas and posts his videos to his YouTube channel to inform the public about the conduct of government officials. This activity is protected by the First Amendment.

10. Plaintiff is a disabled veteran of the United States Navy and the United States Coast Guard, having served a total of nine years between both branches of the armed forces.

11. On or about January 29, 2022, Plaintiff was peacefully filming at the Perry Point Veteran's Hospital facility, which included filming on publicly accessible grounds and inside his doctor's office during a medical appointment. This activity is protected by the First Amendment and was specifically lawful pursuant to VA Policy 1078. This policy recognizes that veterans often have a wide variety of disabilities that may affect memory, and it permits the recording of conversations during a medical appointment to ensure they can accurately recall specific instructions regarding prescription use and therapies. A Doctor on staff there was offended by the recording and VA Police responded. Defendant Money responded to the call but made no attempt to arrest the Plaintiff, even though the first alleged charge, "disorderly conduct" occurred in his presence.

12. Defendants Farrar and Money, motivated by personal animus toward Plaintiff's protected First Amendment activities initiated a baseless investigation. Then, within days, secured an invalid arrest warrant where, when served, Plaintiff's recording device was seized, "pursuant to his arrest". However, the phone was not in Plaintiff's possession during his arrest, the phone was held by Plaintiff's wife who was present. However, Defendant Farrar seized the phone from her under threat of immediate arrest.

13. Acting outside the scope of their authority as federal officers, Defendants Farrar and Money conspired with Defendant Robert Sentman to initiate a state criminal prosecution against the Plaintiff in the Circuit Court for Cecil County, Maryland. Farrar and Money completely disregarded their statutory directive to "first consult with the local Federal Assistant Attorney BEFORE proceeding with ANY prosecution. This requirement is expressed in the Federal Statutes and VA Police Policy Manual and is without exceptions. Instead, they went straight to a Maryland Judge to obtain an arrest warrant upon Sgt Money's sworn affidavit. Later during Trial, Money lied on the stand and asserted that he has brought other charges, not traffic related, to the Maryland court in his Federal Officer capacity. The Maryland record defeats this claim.

14. Defendant Sentman, acting in an investigative capacity, advised and directed Defendants Farrar and Money to seek an arrest warrant from the state court. Sentman knew or should have reasonably known that VA Police are ineligible to obtain warrants from a State Judge pursuant to Md Law. Money, who obtained the warrant, knew or should have known that he was not lawfully eligible to do so.

15. Based on this void state warrant, Plaintiff was arrested and his cellular phone was then seized.

2 Of 14

16. During the proceedings, Defendant Charlene M. Notarcola intentionally falsified court records to prevent Plaintiff from appealing a critical motion, thereby denying him access to the courts.

17. This pattern of misconduct continued through the criminal action. To elaborate, on or about June 24, 2024, Plaintiff observed a new entry in the public court record concerning a Motion to Recuse he had filed. Defendant Notarcola had backdated this new entry by ten days to June 14, 2024. The backdated entry falsely stated that the Recusal Motion was "granted." Critically, this Recusal Motion was not directed to Defendant Baynes, but was instead properly directed to the Administrative Judge, as permitted under Maryland law. Defendant Baynes therefore lacked jurisdiction to rule on this motion. His act of ruling on it, combined with Defendant Notarcola's backdating of the entry, constitutes another instance of acting without authority and a conspiracy of falsifying court records.

18. Before trial, Plaintiff's defense counsel withdrew from the case, forcing the Plaintiff to proceed pro se.

19. The state criminal trial finally took place from September 4, 2024, through September 5, 2024.

20. On October 15, 2024, following what Plaintiff alleges was a wrongful prosecution and conviction on the state wiretap charges, the court imposed a sentence of 90 days incarceration, suspended and eight (8) months of supervised probation. This sentence constituted a significant and continuing restraint on his liberty.

21. Ultimately, the state criminal proceedings specifically regarding the Disorderly Conduct charge was terminated in the Plaintiff's favor. The jury found the Plaintiff "not guilty" of the Disorderly Conduct charge. The "Disorderly Conduct" behavior is the allegation in which the prosecution was initiated.

## IV. Claims

### COUNT 1 – FIRST AMENDMENT RETALIATION (Bivens Action)(Against Defendants Farrar and Money in their Individual Capacities)

22. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

23. Plaintiff was engaged in constitutionally protected conduct, namely, filming government officials in a public forum for the purpose of news gathering and public dissemination.

24. Defendants Farrar and Money took adverse action against the Plaintiff, including initiating a criminal investigation, obtaining (2) warrants which were void ab initio, and causing his arrest and prosecution.

25. Defendants Farrar and Money's adverse actions were motivated, in whole or in part, by Plaintiff's exercise of his First Amendment rights. The investigation, void ab initio warrants and subsequent prosecution would not have occurred but for Plaintiff's protected activity of recording.

26. As a direct and proximate result of Defendants Farrar and Money's retaliatory conduct, Plaintiff suffered a chilling of his First Amendment rights, the loss of his liberty, and other significant damages.

### COUNT 2 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985)

3 Of 14

**(Against Defendants Farrar, Money, and Sentman in their Individual Capacities)**

27. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

28. Defendants Farrar, Money, and Sentman conspired for the purpose of depriving the Plaintiff of the equal protection of the laws and of his privileges and immunities under the Constitution.

29. The object of the conspiracy was to punish and deter the Plaintiff from exercising his rights under the First and Fourth Amendments to the U.S. Constitution, as applied to the state and federal actors involved through the Fourteenth Amendment and the Constitution itself, respectively.

30. In furtherance of the conspiracy, the Defendants committed overt acts, including but not limited to, agreeing to initiate a baseless state prosecution, obtaining 2 void arrest warrants, and pursuing the charges against the Plaintiff.

31. As a direct and proximate result of the conspiracy, Plaintiff was injured in his person and property and was deprived of his constitutionally protected rights.

## COUNT 3 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS – FAILURE TO PREVENT (42 U.S.C. § 1986)(Against Defendants Farrar, Money, and Sentman in their Individual Capacities)

32. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

33. Defendants Farrar, Money, and Sentman had intimate knowledge that the wrongs conspired to be done, and mentioned in Count II, were about to be committed.

34. Defendants Farrar, Money, and Sentman had the power to prevent or aid in preventing the commission of these wrongs.

35. Despite this knowledge and power, Defendants Farrar, Money, and Sentman neglected and refused to do so.

36. As a direct and proximate result of this willful neglect and refusal, the wrongful acts were committed, causing injury to the Plaintiff.

## Count 4 – FIRST AMENDMENT RETALIATION IN VIOLATION OF THE FOURTEENTH AMENDMENT (42 U.S.C. § 1983)(Against Defendant Sentman in His Individual Capacity)

37. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

38. Defendant Sentman, acting under color of state law, took adverse action against the Plaintiff by initiating, instigating, and pursuing a criminal prosecution against him in violation of his rights under the First Amendment, as made applicable to state actors through the Due Process Clause of the Fourteenth Amendment.

39. This adverse action was motivated by Plaintiff's exercise of his First Amendment right to film and report on government activities. Defendant Sentman's purpose in pursuing the prosecution was to

punish and deter the Plaintiff's protected speech.

40. Defendant Sentman was acting in an investigative and administrative capacity, not as a judicial advocate, when he advised and directed the federal officers to initiate the state charges, and he is therefore not entitled to absolute prosecutorial immunity for these actions.

41. As a direct and proximate result of Defendant Sentman's unconstitutional retaliation, Plaintiff suffered damages, including the chilling of his speech and the costs associated with defending a baseless prosecution.

## COUNT 5 – UNLAWFUL SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT
### (Bivens Action)(Against Defendants Farrar and Money in their Individual Capacities)

42. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

43. This claim is brought directly under the United States Constitution pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

44. Defendants Capt Willie Farrar and Sgt Dale Money (the "Defendants Farrar and Money"), at all times relevant, acted under color of federal authority as police officers for the U.S. Department of Veterans Affairs.

45. Defendants Farrar and Money deprived the Plaintiff of his clearly established right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures.

46. Defendants Farrar and Money's actions were motivated by personal animus toward the Plaintiff's First Amendment-protected activity of video recording at the VA facility. To achieve a retaliatory end, Defendants Farrar and Money initiated this unlawful seizure by engaging in a bad faith act of "forum shopping," applying for and obtaining an arrest warrant from a court of the State of Maryland. As federal law enforcement officers, Defendants Farrar and Money possessed no statutory authority under either Maryland law or federal law to seek or obtain a state-law warrant from a Maryland court.

47. Because Defendants Farrar and Money lacked the fundamental legal authority to seek the warrant, the arrest warrant they obtained was void ab initio. Consequently, the Plaintiff's subsequent arrest based upon this void warrant constituted a per se unreasonable seizure in violation of the Fourth Amendment.

48. Defendants Farrar and Money's conduct violated a constitutional right that was clearly established at the time of their actions. A reasonable officer in their position would have known that they lacked the statutory authority and jurisdiction to obtain a state arrest warrant and that arresting a citizen based on such a void warrant is unlawful. Their actions were therefore objectively unreasonable and are not protected by qualified immunity.

49. Defendants Farrar and Money are sued in their individual capacities for monetary damages.

50. As a direct and proximate result of Defendants Farrar and Money's unconstitutional actions, Plaintiff suffered a loss of liberty, emotional distress, humiliation, and other significant damages.

## COUNT 6 – UNLAWFUL SEARCH IN VIOLATION OF THE FOURTH AMENDMENT
### (Bivens Action)(Against Defendants Farrar and Money in their Individual Capacities)

51. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

52. This claim is brought directly under the United States Constitution and pursuant to Bivens.

53. Defendants Farrar and Money, acting under color of federal authority, deprived the Plaintiff of his clearly established right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches.

54. Following Plaintiff's unlawful arrest, and as a continuation of their retaliatory scheme driven by their personal animus against Plaintiff's video recording activities, Defendants Farrar and Money sought and obtained a second warrant from a Maryland court to search the contents of Plaintiff's cellular phone.

55. This search warrant was void ab initio for the same reason the arrest warrant was void: Defendants Farrar and Money, as federal officers, lacked any statutory authority to obtain a state search warrant from a Maryland court. The search conducted pursuant to this void warrant was therefore a per se unreasonable search in violation of the Fourth Amendment.

56. In the alternative, the seizure and search of Plaintiff's phone was unlawful as it was the direct result of the preceding unlawful arrest. The search warrant and any evidence derived therefrom are "fruit of the poisonous tree" and could not justify the search or seizure of the recording device.

57. Defendants Farrar and Money's conduct violated a constitutional right that was clearly established. A reasonable officer would have known that seeking a state search warrant without statutory authority is unlawful. Furthermore, a reasonable officer would have known that conducting a search based on a void warrant or as the direct result of an illegal arrest is a violation of clearly established Fourth Amendment rights. Their actions were therefore objectively unreasonable and are not protected by qualified immunity.

58. Defendants Farrar and Money are sued in their individual capacities for monetary damages.

59. As a direct and proximate result of Defendants Farrar and Money's unconstitutional search, Plaintiff suffered a violation of his privacy, emotional distress, and other significant damages.

## COUNT 7 – VIOLATION OF THE PRIVACY PROTECTION ACT (42 U.S.C. § 2000aa)(Against Defendants Farrar and Money in their Individual Capacities)

60. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

61. This claim is brought pursuant to the Privacy Protection Act ("PPA"), 42 U.S.C. § 2000aa, against Defendants Farrar and Money in their individual capacities for monetary damages.

62. Defendants Farrar and Money, acting under color of federal authority, conducted a search of Plaintiff's cellular phone pursuant to a void warrant. The pretextual motive for this search was to investigate a crime, but the true motive was to retaliate against Plaintiff and seize his work product as a citizen reporter.

63. At the time of the search, Plaintiff's cell phone contained "documentary materials" and/or "work product materials" as those terms are defined by the PPA.

6 Of 14

64. Plaintiff is a known "citizen reporter" who regularly disseminates information to the public through his established YouTube channel. The "documentary materials" and "work product materials" on his cellular phone, including but not limited to video files, notes, and communications, were possessed by Plaintiff for the purpose of this public dissemination.

65. Upon information and belief, Defendants Farrar and Money were aware of, and had prior knowledge of, Plaintiff's status as a citizen reporter at the time they sought the warrant and conducted the search. Therefore, they knew or reasonably should have known that his cellular phone contained work product and documentary materials protected by the PPA.

66. The search of Plaintiff's cell phone for these materials was unlawful because none of the statutory exceptions under 42 U.S.C. § 2000aa(a) or (b) apply. Specifically, the government did not have probable cause to believe that the Plaintiff had committed or was committing the criminal offense to which the materials related at the time of the seizure, and there was no reason to believe that the immediate seizure of such materials was necessary to prevent the death of, or serious bodily injury to, a human being. The proper and lawful course of action would have been to obtain a subpoena to protect Plaintiff's due process rights as a member of the Press.

67. As a direct and proximate result of Defendants Farrar and Money's violation of the PPA, Plaintiff is entitled to recover actual damages sustained, but in no case less than liquidated damages of $1,000, and is further entitled to recover reasonable attorneys' fees and other litigation costs reasonably incurred, as provided by the statute. No level of immunity is available to the Defendants under this statute and "good faith", under this set of facts, is not a legitimate defense.

## COUNT 8 – UNLAWFUL PRIOR RESTRAINT IN VIOLATION OF THE FIRST AMENDMENT - (Bivens Action)(Against Defendants Farrar and Money in their Individual Capacities)

68. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

69. This claim is brought directly under the United States Constitution pursuant to Bivens.

70. As a citizen reporter creating video content for public dissemination on his YouTube channel, Plaintiff was engaged in activity squarely protected by the First Amendment's guarantees of freedom of speech and of the press.

71. Defendants Farrar and Money's act of seizing Plaintiff's cellular phone pursuant to a void warrant constituted an unlawful prior restraint on Plaintiff's speech, which was the direct result of a retaliatory motive to punish Plaintiff for his reporting activities.

72. This seizure physically prevented Plaintiff from accessing, editing, and publishing his work, thereby directly restraining his ability to communicate with the public and engage in his reporting activities. Plaintiff's phone was not returned to him until after the trial.

73. Upon information and belief, Defendants Farrar and Money were aware of Plaintiff's status as a citizen reporter at the time of the seizure. By taking his cellular phone, they knowingly and intentionally initiated a baseless state prosecution for the specific purpose of stopping his speech.

74. This prior restraint on Plaintiff's speech was unconstitutional as it was not justified by any compelling government interest, was not narrowly tailored, and was accomplished through a

7 Of 14

fundamentally unlawful process, the use of a void warrant obtained without proper authority or jurisdiction.

75. The right to be free from such an unlawful prior restraint on speech was well and clearly established at the time of the seizure. A reasonable officer would have known that seizing a known reporter's news gathering tools and work product based on a void warrant is a violation of the First Amendment. Defendants Farrar and Money's actions were therefore objectively unreasonable and are not protected by qualified immunity.

76. Defendants Farrar and Money are sued in their individual capacities for monetary damages.

77. As a direct and proximate result of Defendants Farrar and Money's unconstitutional prior restraint, Plaintiff has suffered damages, including the chilling of his protected speech, an inability to engage in his reporting, direct financial damages and other harms.

## COUNT 9– DEFAMATION (Pendent State Claim)(Against Defendants Farrar and Money in their Individual Capacities)

78. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

79. This claim arises under the common law of the State of Maryland and is brought pursuant to this Court's supplemental jurisdiction.

80. After the Plaintiff's unlawful arrest and during the pendency of the state appellate process, Defendants Farrar and Money communicated by telephone with officers of the Cecil County Sheriff's Department. This contact is confirmed by a Cecil County Sheriff's Office Report.

81. During this communication, Defendants Farrar and Money made false and defamatory statements about the Plaintiff, including the assertion that the Plaintiff was a "convicted" criminal and that he was "dangerous to the public and police officers at large."

82. These statements were false. The Plaintiff had not been finally convicted of any crime related to this matter, as the proceedings were in an Appellate posture, and there was no reasonable basis for the assertion that he was dangerous.

83. Defendants Farrar and Money published or caused to be published these false and defamatory statements to a third party. Under Maryland law, statements imputing criminal conduct constitute defamation per se, and therefore damages are presumed. Those statement were used by Cecil County Sheriff to obtain an arrest warrant for a minor misdemeanor trespass charge where they came to Plaintiff's home in an armored tactical vehicle, guns drawn and at ready and in military tactical gear, to arrest him based on that information. In the subsequent related case, Plaintiff was acquitted by a jury of a simple, 1st offense criminal trespass charge.

84. As a direct and proximate result of these defamatory statements, the Plaintiff has suffered harm to his reputation, embarrassment, emotional distress, and humiliation. The defamatory comments also created a new animus towards the Plaintiff among police officers in two counties, including his home county who executed the warrant.

## Count 10 – CIVIL CONSPIRACY (Pendent State Claim)(Against Defendants Farrar, Money,

8 Of 14

**Sentman, Notarcola in their Individual Capacities)**

85. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

86. This claim arises under the common law of the State of Maryland and is brought pursuant to this Court's supplemental jurisdiction.

87. Defendants Farrar, Money, State Prosecutor Defendant Robert Sentman, Defendant Charlene M. Notarcola each entered into a combination and agreement of two or more persons to accomplish an unlawful purpose, specifically to unlawfully prosecute the Plaintiff in the Circuit Court for Cecil County, Maryland for alleged crimes that occurred exclusively at the Perry Point Veteran's Hospital facility, a federal enclave where they knew or should have known the state court lacked jurisdiction, with the goal of retaliating against him and silencing his protected speech.

88. The conspiracy began when State Prosecutor Defendant Robert Sentman, acting in an investigative and advisory capacity unprotected by absolute immunity, instructed the federal Defendants Farrar and Money to improperly seek a state arrest warrant. In doing so, he willfully ignored the plain text of Maryland law. A prosecutor's fundamental duty is to know the jurisdictional limits of his own authority as set forth in the State's foundational statutes. MD Courts and Judicial Proceedings Code § 1-501 grants Maryland circuit courts general jurisdiction but contains a critical exception: "…except where by law jurisdiction has been limited or conferred exclusively upon another tribunal." A reasonable prosecutor in Cecil County would know the jurisdictional status of the Perry Point Veteran's Hospital facility, a major federal installation within his county. His failure to recognize that this exception applied constitutes an abdication of his professional duties and is objective evidence of his bad faith. Of note, the Cecil County Sheriff's Office knows and understands the limits of this jurisdiction as displayed by a letter found in discovery stating that they, "don't go there". The State Prosecutor's central role in instigating this action is documented in the official Veterans Affairs Police report, which explicitly states that he advised the VA officers to charge the Plaintiff in Maryland, thereby providing direct evidence of the conspiratorial agreement.

89. In furtherance of the conspiracy, these Defendants committed numerous overt acts, including but not limited to: State Prosecutor Defendant Robert Sentman advising federal officers to obtain 2 void state arrest warrants; Defendants Farrar and Money obtaining said warrants; the arrest and imprisonment of the Plaintiff based on the void warrants; Defendants Farrar and Money providing key testimony against the Plaintiff at trial including testimony that they obtained the warrants in Maryland and contents of Plaintiff's phone)and; Defendant Notarcola intentionally falsifying the official record of the Circuit Court for Cecil County, Maryland to prevent the Plaintiff from appealing the denial of his motion to remove the judge; Judge Baynes ruling on a recusal motion over which he had no jurisdiction, with Defendant Notarcola subsequently backdating the entry for that ruling by ten days in the official court record; and Judge Baynes refusing to allow the Plaintiff to present critical, exculpatory evidence to the jury regarding his lack of criminal intent and the court's lack of jurisdiction.

90. As a direct and proximate result of this conspiracy, the Plaintiff suffered actual legal damages, including the loss of his liberty, the costs of defending a baseless prosecution, personal embarrasement and emotional distress.

**COUNT 11 – FALSE IMPRISONMENT (Pendent State Claim)(Against Defendants Farrar,**

9 Of 14

**Money, and Sentman in their Individual Capacities)**

91. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

92. This claim arises under the common law of the State of Maryland and is brought pursuant to this Court's supplemental jurisdiction.

93. Defendants, through their actions, caused the Plaintiff to be unlawfully detained, arrested and deprived of his liberty against his will and without his consent. The instigation of this unlawful confinement by State Prosecutor Defendant Robert Sentman is documented in the official Veterans Affairs Police report, which states that he advised the federal Defendants Farrar and Money to obtain a state arrest warrant they new or should have reasonably known they had no authority to seek under their own Federal Code, Regulations and Policies.

94. Plaintiff's arrest and subsequent pre-trial confinement were without legal justification because the warrant authorizing them was void ab initio. The prosecution was a legal nullity from its inception because the alleged acts occurred entirely at the Perry Point Veteran's Hospital facility, a federal enclave where the State of Maryland lacks criminal jurisdiction. The prosecution was therefore initiated in direct violation of Maryland's own jurisdictional statute, MD Courts and Judicial Proceedings Code § 1-501, which explicitly limits the circuit court's jurisdiction in cases where it has been "conferred exclusively upon another tribunal," such as the federal government for crimes on federal property. The unlawful imprisonment continued through the term of supervised probation imposed upon Plaintiff pursuant to the void conviction.

95. As a direct and proximate result of being falsely imprisoned, Plaintiff suffered a loss of liberty, emotional distress, and other damages.

## Count 12 – MALICIOUS PROSECUTION (Pendent State Claim)(Against Defendants Farrar, Money, and Sentman in their Individual Capacities)

96. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

97. This claim arises under the common law of the State of Maryland and is brought pursuant to this Court's supplemental jurisdiction.

98. State Prosecutor Defendant Robert Sentman initiated and continued a criminal proceeding against the Plaintiff in the Circuit Court for Cecil County, Maryland. He initiated the proceeding when, acting outside his role as a judicial advocate, he advised the federal Defendants Farrar and Money to obtain a state arrest warrant, a fact documented in the official VA Police report. He later continued the proceeding by securing 2 grand jury indictments against the Plaintiff for eight (8) counts under the Maryland Wiretap Statute and one count of Disorderly Conduct under Md. Code 10-201.

99. The proceeding was instituted with malice. This malice is evidenced by the prosecutor's complete abdication of his professional duties and further by the act of "charge-stacking", securing an indictment for nine separate counts for protected conduct, initially prosecuted with 2 void warrants. This tactic serves no legitimate prosecutorial purpose and is instead designed to intimidate, harass, and financially overwhelm a defendant in retaliation for protected speech. A prosecutor's primary responsibility is to know the laws of The State, Md Procedures for obtaining a warrant and the jurisdictional boundaries of

10 Of 14

his own county. State Prosecutor Robert Sentman's decision to initiate a state prosecution for a crime on the exclusive federal property of the Perry Point Veteran's Hospital facility demonstrates a willful and deliberate indifference to the plain text of MD Courts and Judicial Proceedings Code § 1-501, which explicitly limits the circuit court's power where jurisdiction has been "conferred exclusively upon another tribunal." Pursuing the prosecution to a wrongful conviction and sentence, despite being on notice of the jurisdictional defect, is further objective evidence of bad faith and malice. This malice is further demonstrated by Defendant Sentman's refusal to comply with his discovery obligations after Plaintiff's counsel withdrew, a deliberate act to take advantage of a pro se defendant and hinder his ability to prepare for trial.

100. The proceeding was instituted unlawfully with a void arrest warrant and without probable cause. A prosecution is void for lack of probable cause when it is brought in a court that has no legal authority to hear the case. The decision to secure an indictment on multiple separate charges for one act further underscores the lack of probable cause, suggesting the charges were multiplied not based on evidence, but for an improper punitive purpose. Therefore, no probable cause could have existed for the state proceeding.

101. The proceeding, in part, terminated in Plaintiff's favor. He was found "not guilty" by a jury on the Disorderly Conduct charge. Specifically, this claim is pled within the confines of the VA's actions in obtaining 2 void warrants and Sentman's direction to do so, with no proper or lawful exception to the State Statute governing issuance of State Warrants.

102. The Defendants continued the malicious proceeding by pursuing it to a jury trial in the Circuit Court for Cecil County, Maryland, with Defendants Farrar and Money providing key testimony against the Plaintiff at trial.

103. As a direct and proximate result of this malicious prosecution, Plaintiff suffered damages, including the cost of his legal defense, loss of liberty, the stigma and restrictions of a wrongful conviction and sentence of supervised probation, and severe emotional distress.


**COUNT 13 – DENIAL OF ACCESS TO COURTS IN VIOLATION OF THE FOURTEENTH AMENDMENT(42 U.S.C. § 1983)(Against Defendant Charlene M. Notarcola in Her Individual Capacity)**


104. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

105. This claim is brought pursuant to 42 U.S.C. § 1983.

106. At all relevant times, Defendant Charlene M. Notarcola was acting under color of state law in her capacity as the Clerk of the Circuit Court for Cecil County, Maryland.

107. Defendant Notarcola intentionally and in bad faith deprived the Plaintiff of his clearly established constitutional right of access to the courts, guaranteed by the Due Process Clause of the Fourteenth Amendment.

108. Defendant Notarcola committed this deprivation by unlawfully modifying and falsifying official court records on at least two separate occasions. First, she altered the records related to Plaintiff's

11 Of 14

Motion for Removal of the Judge. Second, she intentionally backdated a court entry related to a separate Recusal Motion by ten days to obstruct and confuse the record.

109. As a direct and proximate result of Defendant Notarcola's intentional falsification of the court record, the Plaintiff was prevented from pursuing timely and effective appeals and was forced to litigate based on a fraudulent record.

110. Defendant Notarcola's act of altering official court records was a non-discretionary, ministerial function. Such actions, are not protected by absolute or quasi-judicial immunity.

111. Defendant Notarcola's conduct violated a constitutional right that was clearly established at the time of her actions. A reasonable official in her position would have known that intentionally falsifying court records to prevent a litigant from pursuing an appeal is unlawful. Her actions were therefore objectively unreasonable.

112. As a direct and proximate result of Defendant Notarcola's unconstitutional actions, Plaintiff suffered damages, including the loss of his right to appeal and the continuation of a proceeding before a biased tribunal.

## COUNT 14 – FRAUD(Pendent State Claim)(Against Defendant Charlene M. Notarcola in Her Individual Capacity)

113. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

114. This claim arises under the common law of the State of Maryland and is brought pursuant to this Court's supplemental jurisdiction.

115. Defendant Charlene M. Notarcola made multiple false representations of material fact by intentionally entering incorrect information into the official court records. This includes her falsification of records regarding Plaintiff's Motion for Removal of the Judge and her subsequent backdating of a separate entry regarding Plaintiff's Recusal Motion.

116. Defendant Notarcola knew these representations were false at the time she made them.

117. The false representations were made for the purpose of defrauding the Plaintiff of his legal rights, specifically his right to appeal and to have his motions adjudicated properly.

118. The Plaintiff justifiably relied upon the official court record, believing it to be true and accurate, which caused him to lose his opportunity to file a timely appeal and to be prejudiced in the proceedings.

119. As a direct and proximate result of Defendant Notarcola's fraudulent conduct, the Plaintiff suffered actual damages, including the loss of his appellate rights and the associated costs.

## 15 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Pendent State Claim) (Against All Defendants in their Individual Capacities)

120. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

121. This claim arises under the common law of the State of Maryland and is brought pursuant to this Court's supplemental jurisdiction.

122. The conduct of all Defendants, including knowingly initiating a prosecution with 2 void warrants, specifically out of personal animus and malice, falsifying official records to obstruct justice, and pursuing the unlawful case through trial, was intentional, reckless, extreme, and outrageous.

123. The Defendants' conduct exceeds all possible bounds of decency and is atrocious and utterly intolerable in a civilized community.

124. The Defendants either desired to inflict severe emotional distress upon the Plaintiff or knew that such distress was substantially certain to result from their conduct.

125. As a direct and proximate result of the Defendants' extreme and outrageous conduct, the Plaintiff has suffered severe and disabling emotional distress.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for judgment in his favor and against all Defendants, jointly and severally, as follows:

a. For Compensatory Damages in the amount to be determined by a Jury at trial;

b. For Punitive damages in an amount to be determined by a Jury at trial;

c. For an award of reasonable attorneys' fees and costs incurred in prosecuting this action, as permitted by law; and

d. For such other and further relief as the Court deems just and proper.

e. For a declaratory judgment that the actions of the Defendants, as described herein, violated the Plaintiff's rights under the United States Constitution.

 **Respectfully submitted to this Court, the Plaintiff in the above captioned case swears and affirms that the information contained in the above styled Amended Complaint are true and correct to the best of his knowledge;**

_____     5/27/2026
Kevin A. Soper                                    Date

Kevin A Soper
704 Cedarday Dr
Belair, Md. 21015
newlifebearing@yahoo.com

# Certificate of Service

Plaintiff in the above captioned case hereby certifies and affirms that the Defendants Counsel, Wendy Schiff appearing in this case, was served the above First Amended Complaint electronically via the Court's ECF filing system.

**Federal Defendant's will be served upon return of Proposed Summons from the Clerk.

**Signed(Plaintiff)** _____   **Date;** ___5-27-2026___

Kevin A. Soper

704 Cedarday Dr
Belair, Md. 21015
newlifebearing@gmail.com

14 Of 14

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Maryland

Kevin A Soper

)
)
)
)
)
)
)

*Plaintiff(s)*

v.

Willie Farrar

)
)
)
)
)
)
)
)

Civil Action No. 1:26-cv-00069

*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Willie Farrar
Ave "D" #59
Perry Point, Md 21902

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Kevin A Soper
704 Cedarday Dr
Belair, Md. 21015

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  1:26-cv-00069

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*      **Willie Farrar**

was received by me on *(date)*

❏ I personally served the summons on the individual at *(place)*

on *(date)*                              ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who **resides there,**

on *(date)*                       , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)*                                                    , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                              ; or

❏ I returned the summons unexecuted because                                                        ; or

❏ Other *(specify):*

My fees are $                     for travel and $                     for services, for a total of $        0.00

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Maryland

| | |
|---|---|
| Kevin A Soper | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| Plaintiff(s) | ) |
| v. | ) |
| Dale Money | ) |
| | ) |
| | ) |
| _____ | ) |
| Defendant(s) | ) |

Civil Action No.  1:26-cv-00069

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Dale Money
Ave "D" #59
Perry Point Md 21902

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Kevin A Soper
704 Cedarday Dr
Belair, Md. 21015

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:26-cv-00069

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*    Dale Money _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.



Date: _____                    _____
                                                          *Server's signature*


                                                          _____
                                                          *Printed name and title*




                                                          _____
                                                          *Server's address*


Additional information regarding attempted service, etc: