# In The Federal District Court for Maryland

| | |
|---|---|
| Kevin A. Soper (Pro Se) | * |
| | * |
| v | * Case Number 1:26-cv-00069 |
| | * |
| Willie Farrar, Dale Money | * |
| Robert Sentman, Kieth Baynes, | * Plaintiff consents to Magistrate Jurisdiction |
| Charlene M. Notarcola | * Jury Trial Demanded |

## Plaintiff's Response to Show Cause Order and Motion to Amend Service

Comes now, Plaintiff Kevin A Soper with his Response to the Honorable Judge Rubin's ORDER to SHOW CAUSE entered on the Court Docket on 6/29/2026.

This Court entered an ORDER[ECF 29] on June 29th, 2026 allowing 14 days to respond to the show cause order, this response is, therefore, timely.

### Service on The Federal Defendants

On January 8th, 2026, Plaintiff submitted to the Clerk his first Complaint[ECF 1] naming Willie Farrar and Dale Money in their Individual Capacities. On the same date, Plaintiff submitted his Motion for Stay asking this Court to STAY the Complaint and any response to it until the Maryland Appellate Courts entered Opinions on his case originating in the Lower Maryland Circuit Court.

On January 16th, 2026 this Court entered a text ORDER[ECF 5] which stated, "ORDER directing Plaintiff to SUBMIT completed summons within 21 days and directing the Clerk to issue summons, return to Plaintiff upon receipt"

On February, 5th, 2026 the Clerk issued the summons[ECF 6], via USPS, to Plaintiff and he had a process server, not a party to the case, execute summons on March 25th, 2026, with (2) copies of the original Complaint to Willie Farrar. Mr. Farrar personally accepted service of his and his inferior Officer Dale Money's Summons and Complaint.

On the same day, a copy of each Officer's Summons and copy of the original complaint were mailed via USPS to;

1) **U.S. Attorney for Maryland**
   Civil Litigation Division
   101 W. Lombard Street
   Baltimore, MD 21201
and;
2) **U.S Office of Attorney General**
   U.S. Department of Justice
950 Pennsylvania Avenue NW
   Washington, DC 20530.

Federal Rule of Civil Procedure 4(m) states that service shall be made within 90 days of filing of the Complaint. The time elapsed from the Complaint's filing and execution of service was 78 days. Defendants Farrar and Money had constructive notice of the original complaint and were properly served. A Proposed Amended Certificate of Service is attached.

On May 13th this Court entered an Order[ECF 18] stating, "ORDERED that, as set forth in the court's order at ECF No. 16 (granting leave to file an Amended Complaint), in the event Plaintiff does not file an Amended Complaint, Plaintiff shall effect, and file proof of, service of Defendants Farrar and Money on or before May 27, 2026; *should Plaintiff file an Amended Complaint, he shall request re-issuance of summons (if needed) and effect, and file proof of, service on or before June 17, 2026.*"

Plaintiff, by this time had began filing his entries through the Court's EDSS, first with his May 27th, 2026 entry of his Amended Complaint. On May 27th, 2026 with leave of this Court, Plaintiff filed his First Amended Complaint[ECF 21]. With his Amended Complaint, summons' were submitted for each of the (2) federal defendants. Summons were issued forthwith by the Clerk on May 29th, 2026[ECF 22] pursuant to the Court's May 13th Order[ECF 18]. This left Plaintiff with only 19 days to effect service pursuant to the Order and prejudiced the Plaintiff.

Plaintiff was unaware of the May 13th ORDER until he returned from his trip because it was mailed to him. He drafted his 1st Amended Complaint, filed it pursuant to the Court's prior Order with proposed summons and served the federal defendants pursuant to FRCP ___. Believing that the 1st Amended Complaint was the operative complaint, he reasonably believed that he had 90 days to serve the federal defendants pursuant to FRCP___. Nevertheless, the federal defendants still had constructive notice of the action filed against them. Now twice.

2 Of 4

Plaintiff reasonably believed that, although the federal defendants had not responded to the original complaint[ECF 1] within 60 days, pursuant to FRCP 12(a)(3), that the federal defendants should be served with the newly issued Summons and his First Amended Complaint. The First Amended Complaint becomes the operative complaint for purposes of suit upon filing and entry on the Court Docket.

Service of the newly issued Summons and First Amended Complaint was effected on June 25th, 2026 by serving Willie Farrar who, again, accepted service for his inferior Officer Dale Money. Service was effected on both the local AUSA and the Washington DC division of the Federal Attorney's Office. Service was returned for entry on the Docket, this time, with a Certificate of Service and attached to the Certificate were proof of service both to the Individual defendants as well as mail service via USPS to the appropriate and required Federal Attorney's Offices.

This service of the Plaintiff's 1st Amended Complaint was entered on the docket on the same day as the Order to Show Cause was entered, June 29th, 2026. USPS Tracking shows that both mailed pieces were delivered on June 29th and June 30th, 2026.

Service of both the original and first amended complaint did not prejudice any defendant. Defendants had constructive notice that a complaint had been filed against them and service was duly and lawfully conducted in good faith by the Plaintiff.

Plaintiff reasonably believes that he should have had 90 days to effect service of the 1st Amended Complaint because it became the operative Complaint upon filing and the federal defendants had not responded to the original Complaint[ECF 1], where the Court found service deficient. Plaintiff was unaware of the Court's May 13th ORDER until he returned from his trip.

These circumstances left only 19 actual days to locate a third party to effect service, including weekends and effect that service pursuant to the Court's Order in a fairly described remote part of the State.

## Relief

Plaintiff prays this Court to consider the timing and circumstances of the docket and to find that 19 days is an unreasonable amount of time to effect service of a civil complaint on federal defendants.

Plaintiff Motions the Court to allow him to amend his Certificate of Service of his original Complaint[ECF 1] and consider that the 1ˢᵗ Amended Complaint and Summons was served properly pursuant to FRCP ___ and does not prejudice any party.

Plaintiff prays the Court will allow a reasonable and fixed time for the federal defendants to respond to the Plaintiff's First Amended Complaint.

**Respectfully submitted to this Court, the Plaintiff in the above captioned case swears and affirms that the information contained in the above styled Response to Show Cause Order and Motion to Amend Service are true and correct to the best of his knowledge:**

_____     _7/11/26_
Kevin A. Soper                                      Date

704 Cedarday Dr
Belair, Md. 21015
newlifebearing@yahoo.com

## Certificate of Service

Plaintiff in the above captioned case hereby certifies and affirms that the Defendants Counsel, Wendy Schiff appearing in this case, was served the above Response to Show Cause Order and Motion to Amend Service electronically via the Court's ECF filing system.

**Signed(Plaintiff)** _____ Date; _7/11/2026_
Kevin A. Soper

704 Cedarday Dr
Belair, Md. 21015
newlifebearing@gmail.com