**IN THE**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| KEVIN SOPER, | * | |
|     *Plaintiffs*, | * | |
|     v. | * | No. 1:26-cv-00069-JRR |
| | * | |
| WILLIE FARRAR, ET AL., | * | |
|     *Defendants*. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MOTION TO DISMISS AMENDED COMPLAINT**

Defendants, Charlene Notarcola, and Robert Sentman, by their undersigned counsel, file this reply memorandum in support of their motion to dismiss the amended complaint.

**INTRODUCTION**

In the Opposition to the Motion to Dismiss Amended Complaint, Mr. Soper asserts that the motion should fail because some of Defendant Sentman's actions were not subject to absolute prosecutorial immunity. Instead, he asserts that they were subject to qualified immunity as they were investigative. Assuming Mr. Soper's assertion that the alleged actions were investigative, Defendant Sentman is still entitled to qualified immunity because no established law would have alerted him that his proposed actions were improper.

Mr. Soper asserts that Defendant Notarcola's actions pertaining to the docketing of the order regarding his motion for recusal were not subject to quasi-judicial immunity

because they were not like those of a judge.  While his assertion lacks merit, it is also meaningless as the record clearly indicates that the docket entry at issue was not backdated. Further, his claims of damage due to the alleged actions lack merit since Maryland law does not permit a party to file an interlocutory appeal of an order denying a motion for recusal.

Finally, both defendants are entitled to statutory immunity under the Maryland Tort Claims Act.  Mr. Soper's contentions that he sufficiently pled malice or gross negligence also lack merit as the allegations failed to provide any factual basis supporting an inference of malice or gross negligence.

## ARGUMENT

### I.    DEFENDANT SENTMAN'S ACTIONS ENTITLE HIM TO ABSOLUTE PROSECUTORIAL IMMUNITY AND QUALIFIED IMMUNITY.

Mr. Soper does not dispute that Defendant Sentman's actions related to his judicial functions (the prosecution of the criminal case) entitle him to absolute prosecutorial immunity.  Instead, he asserts the allegations that Mr. Sentman "advised and directed" the co-defendants, Veteran Administration Officers, to obtain an arrest warrant from the state court, and thus, was acting in an investigative capacity at that time.

Assuming for purposes of this reply that this advice and direction to the co-defendants constituted an investigative function, Defendant Sentman still has qualified immunity for these claims. See *Burns v. Reed*, 500 U.S. 478, 486-487 (1991).  To defeat qualified immunity, Mr. Soper must demonstrate that Defendant Soper violated a clearly established constitutional right.  *See Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009).

The Amended Complaint does not set forth a violation of a clearly established constitutional right.  As indicated in the Memorandum in Support of Motion to Dismiss, *Soper v. Cecil County, Maryland*, Case No. 1:23-cv-03271 JRR, ECF 8-1 and 8-4, Maryland and the federal government share concurrent jurisdiction over the Veteran's Administration medical facility at issue (Perry Point).   Because Maryland has concurrent jurisdiction over Perry Point, a VA police officer who witnesses or investigates a crime can apply for a statement of charges before a Maryland District Court Commissioner.  See Maryland Rule 4-212.  In this scenario, the VA police officer is no different than any witness asking the Court to issue an arrest warrant—the applicant must provide probable cause why the commissioner should issue the warrant.   Mr. Soper has failed to cite any law which indicates that a federal law enforcement officer cannot act as an applicant or seeking the issuance of an arrest warrant at Perry Point.  Sharing concurrent jurisdiction permits the collaboration between Defendant Sentman as a state prosecutor and the federal law enforcement officers.  Defendant Sentman's advice and direction to the VA officers was not a violation of clearly established constitutional law.  He is entitled to qualified immunity for his actions.

II.     **PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANT NOTARCOLA .**

Mr. Soper's claims against Defendant Notarcola stem from his allegation that she backdated docket entries.  The documents indicate otherwise.  Exhibit 1 is the cover sheet of Mr. Soper's motion to recuse, the order denying the motion, and excerpts of the docket entries.  The motion to recuse has a court stamp from June 14, 2024 at 4:03 p.m. The order

has a similar court stamp from 4:04 p.m.   This is because the order was submitted with the motion to recuse as a proposed order (the typeface for the motion and the order are the same).  The order signed by the judge on June 24, 2024 at 2:14 p.m. and entered that day by the clerk.  There is no evidence of backdating the order.  The docket entries for June 14 and 24, 2024 confirm the timeline.

Mr. Soper alleges that falsification of the filing timeline impaired his appellate rights.  In Maryland, interlocutory orders, including denials of motions for recusal, are not immediately appealable.  *See Soper v. State,* No. 1751, Sept. Term 2024, 2026 WL 63063 at \*4 (Md. App. Ct. Jan. 8, 2026).  Even if the timeline was incorrect, there was no harm to Mr. Soper.  He was not denied access to the appellate courts—he was not entitled to note an interlocutory appeal.  He has failed to state a claim against Defendant Notarcola.

**III.  DEFENDANTS HAVE STATUTORY IMMUNITY UNDER THE MARYLAND TORT CLAIMS ACT.**

As indicated in the motion to dismiss the amended complaint, to avoid statutory immunity under the Maryland Tort Claims Act, the state personnel must have acted with malice or gross negligence.  The use of "magic words" is insufficient to state a claim for malice or gross negligence.  Conclusory allegations of malice or gross negligence are insufficient to state a claim.  "A plaintiff cannot prove malice, merely by asserting that an act 'was done maliciously or without just cause, or illegally, or with wanton disregard, or recklessly, or for improper motive…" *Houghton v. Forest*, 183 Md. App. 15, 28 (2008), *aff'd in part & vacated in part*, 412 Md. 578 (2009) (quoting *Elliot v. Kupferman*, 58 Md. App. 510, 528 (1982)).  "Indeed, the plaintiff must present facts that indicate a nefarious

motive, ill-will towards the plaintiff, or a history of animosity." *Houghton,* 183 Md. App. at 28 citing *Nelson v. Kenny*, 121 Md. 482, 493-95.  Mr. Soper has failed to provide specific facts that demonstrate an evil or wrongful motive, deliberate wrongdoing, ill-will or fraud. He has failed to assert why the defendants would want to harm him.

A wrongdoer is guilty of gross negligence or acts wantonly and willfully only when he inflicts injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist. *Barbre v. Pope,* 402 Md. 157 (2007). Gross negligence is not just big negligence — it must be sufficient to establish that the defendant had a wanton or reckless disregard for human life.  *Stracke v. Estate of Butler*,465 Md. 407 (2019). The Amended Complaint fails to state facts that sufficiently set forth that either defendant had a wanton or reckless disregard for human life.

Mr. Soper has failed to sufficiently allege malice or gross negligence necessary to overcome statutory immunity.  Therefore, the defendants have statutory immunity for all state tort claims asserted against them.

## CONCLUSION

For the reasons set forth in the Motion to Dismiss the Amended Complaint and this Reply, Defendants Charlene Notarcola and Robert Sentman respectfully request that this Honorable Court dismiss all claims against them with prejudice.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Wendy L. Shiff

_____

WENDY L. SHIFF
Federal Bar No. 09076
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
wshiff@oag.state.md.us
(410) 576-6996
(410) 576-6955 (facsimile)

July 20, 2026

*Attorneys for Defendants*
*Charlene Notarcola and Robert Sentman*

## CERTIFICATE OF SERVICE

I certify that, on this 20th day of July, 2026 the foregoing was served by CM/ECF

on all registered CMF users and by first-class mail on the following:

Kevin A. Soper
704 Cedarday Drive
Bel Air, Maryland  21015

/s/ Wendy L. Shiff

_____

Wendy L. Shiff

6