# In The Federal District Court for Maryland

Kevin A. Soper (Pro Se)  \*

\*

v  \* Case Number 1:26-cv-00069

\*

Willie Farrar, Dale Money  \*
Robert Sentman,  \* Plaintiff consents to Magistrate Jurisdiction
Charlene M. Notarcola  \*  Jury Trial Demanded

## PLAINTIFF'S MOTION TO STRIKE EXHIBITS AND, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY

USDC- BALTIMORE
'26 JUL 22 ...3:28

Plaintiff Kevin A. Soper, proceeding pro se, respectfully moves this Court to exclude the exhibits attached to the Reply brief filed by Defendants Robert Sentman and Charlene M. Notarcola (the "State Defendants"). In the alternative, Plaintiff requests that the Court convert the pending Motion to Dismiss into a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 12(d), or, in the further alternative, grant Plaintiff leave to file a sur-reply. This Motion is based on the following memorandum of points and authorities.

## I. INTRODUCTION

In their Reply in Support of their Motion to Dismiss, the State Defendants have, for the first time, introduced extrinsic evidence in the form of unauthenticated screenshots of a state court docket. They present this new evidence to contest a core factual allegation in the First Amended Complaint ("FAC"), namely, that Defendant Notarcola intentionally falsified and backdated court records. The introduction of such evidence at the reply stage is procedurally improper. The exhibits are unauthenticated, misleading, and constitute matters outside the pleadings that cannot be considered on a Rule 12(b)(6) motion without converting the motion to one for summary judgment. Plaintiff respectfully requests that the Court exclude the exhibits. Alternatively, if the Court intends to consider the new evidence, Plaintiff requests that the motion be converted to one for summary judgment to allow for discovery, or that Plaintiff be granted leave to file a sur-reply to properly rebut the new matters raised by Defendants.

## II. FACTUAL BACKGROUND

HD

1 Of 6

Rcv'd by: _____

The FAC alleges, among other things, that Defendant Notarcola, in her capacity as the Clerk of the Circuit Court for Cecil County, intentionally falsified and backdated court records to obstruct Plaintiff's right to appeal a critical motion or, at a minimum, confuse the procedural status of the case with a pending Hearing. (FAC ¶¶ 16-17, 108). In their Reply brief, the State Defendants attached two exhibits consisting of screenshots of the Maryland Judiciary Case Search record for the underlying state criminal case. (Defs.' Reply, Exs. 1-2). These screenshots are stamped as having been printed on July 20, 2026. Defendants offer this new evidence to argue that the record was never altered.

However, the exhibits are misleading and irrelevant to the specific allegations. They show only the *current* state of the electronic record. They do not and cannot disprove that the record was altered between June 14, 2024, and June 24, 2024. Plaintiff possesses two screenshots from the official public court record and another from the Maryland Electronic Filing System, not available to the public, showing that on June 14, 2024, the docket entry for his Motion to Recuse was marked as "GRANTED" The public record screenshot shows a "copyright date" from the Md Record stating "copyright 2024". A subsequent screenshot taken by the Plaintiff on June 24, 2024, shows the same entry had been changed to "DENIED" and backdated on the same day AFTER an afternoon Hearing. Only the Clerk of the Court possesses the administrative access and credentials to modify electronic docket entries in the Maryland electronic filing system. Clear evidence the record was altered 10 days after the Motion was "granted".

The State Defendants did not raise this new factual evidence or argument in their original Motion to Dismiss, depriving Plaintiff of an opportunity to address it in his Response.

## III. ARGUMENT

### A. The Exhibits are Improper Extrinsic Evidence That Require Exclusion or Conversion of the Motion Under FRCP 12(d).

Federal Rule of Civil Procedure 12(d) dictates the procedure when matters outside the pleadings are presented on a Rule 12(b)(6) motion. The Rule states:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

The State Defendants' exhibits are quintessential "matters outside the pleadings." They were not attached to the Defendant's Motion to Dismiss. When a defendant attaches extrinsic evidence to a motion to dismiss or their reply, the Court has two options under

Federal Rule of Civil Procedure 12(d): (1) exclude the extrinsic material and decide the motion based solely on the sufficiency of the pleadings, or (2) treat the motion as one for summary judgment under Rule 56. See; Laughlin v. Metropolitan Washington Airports Authority, 149 F.3d 253, 261 (4th Cir. 1998) ('When "matters outside the pleading are presented to and not excluded by the court," the [12(b)(6)] motion shall be treated as one for summary judgment'); Kiddie Academy Domestic Franchising, LLC v. Wonder World Learning, LLC, No. 1:20-cv-01368, 2020 U.S. Dist. LEXIS (D. Md. July 27, 2020) (district judge has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings... or to reject it or simply not consider it'); Brightwell v. Warden, No. JFM-19-1081, 2019 U.S. Dist. LEXIS (D. Md. Aug. 21, 2019) (Rule 12(d) requires conversion when matters outside pleadings are "considered and not excluded")."

"The Fourth Circuit has held that a court cannot convert a motion to dismiss to one for summary judgment "unless it gives notice to the parties that it will do so". Laughlin, 149 F.3d at 261; see also Neath v. Austin, No. 1:22-cv-02837, 2023 U.S. Dist. LEXIS (D. Md. Mar. 6, 2023) (reaffirming notice requirement)."

Here, Defendants seek to have this Court resolve a factual dispute at the motion to dismiss stage by relying on new evidence. This is improper. The Court should exclude the exhibits and decide the motion based on the well-pleaded facts in the FAC. If the Court is inclined to consider the exhibits, it must convert the motion to one for summary judgment and provide all parties a reasonable opportunity for discovery and to present pertinent evidence, including Plaintiff's own screenshots which directly contradict Defendants' submission.

Plaintiff possesses contemporaneous, authenticated evidence proving the alteration:

1. **Exhibit A (to be filed)**: A screenshot captured by Plaintiff June 24th, 2024, and after the scheduled Hearing, showing Motion to Recuse DENIED by Administrative Judge Hon. Sexton.
2. **Exhibit B (to be filed)**: A screenshot captured by Plaintiff on June 24th, 2024 on the morning of, and before the scheduled Hearing, showing the same record from the Maryland Electronic Filing Record, not available to the public as **"GRANTED"** by Hon Keith Baynes, the presiding judge.
3. **Exhibit C (to be filed)**: A screenshot captured by Plaintiff on the morning of June 24th, 2024, showing the state court's public record indicating his Motion to Recuse was **"GRANTED."**

These exhibits, which Plaintiff will authenticate via affidavit, create a direct factual dispute that cannot be resolved on a motion to dismiss. (See Exhibit "A" - Affidavit & Attachments).

## B. The Exhibits are Unauthenticated and Inadmissible.

3 Of 6

The exhibits are also inadmissible because they are unauthenticated. Under Federal Rule of Evidence 901, "to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." The screenshots submitted by Defendants are supported by no foundation whatsoever. They are not accompanied by an affidavit or declaration from any person with knowledge. This District has held that unauthenticated documents are not properly before the Court. *See Johnson v. Sullivan*, 764 F. Supp. 1053, 1060 (D. Md. 1991) ("To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence."); *see also Vukadinovich v. Bd. of Sch. Trs.*, 776 F. Supp. 1325, 1328 (N.D. Ind. 1991) ("A court generally should not rely on unsworn or unauthenticated documents in determining a summary judgment motion.").

The self-serving screenshots, printed by defense counsel on July 20, 2026, are not self-authenticating and lack any indicia of reliability. They should be excluded on this basis alone.

## C. The Exhibits are Misleading and Irrelevant to the Allegations.

The screenshots are not only procedurally improper and unauthenticated, but they are also irrelevant to the central factual question. The FAC alleges that Defendant Notarcola altered and backdated a docket entry between June 14, 2024, and June 24, 2024. A screenshot showing the record's status over two years later, on July 20, 2026, has no probative value as to what the record stated on those earlier dates. The current state of a potentially corrected or re-altered record does not disprove the historical fact of the initial alteration. As only the Clerk possesses the administrative credentials to modify electronic docket entries, the change from "GRANTED" to "DENIED" could only have been accomplished by an authorized court official. The exhibits are thus a red herring intended to confuse the issue and should be excluded.

## D. In the Alternative, Plaintiff Should Be Granted Leave to File a Sur-Reply.

Local Rule 105.2(a) for the District of Maryland provides that "surreply memoranda are not permitted to be filed" unless otherwise ordered by the Court. However, courts in this District recognize that leave should be granted when a reply brief raises new arguments or evidence for the first time. Leave is warranted when the moving party "would be unable to contest matters presented to the court for the first time in the opposing party's reply." Khoury v. Meserve, 268 F. Supp. 2d 600, 605 (D. Md. 2003); see also Medish v. Johns Hopkins Health Sys. Corp., 272 F. Supp. 3d 719, 722 (D. Md. 2017). .

Here, the State Defendants have presented new argument not found in their Motion to Dismiss and factual evidence, the screenshots of the docket, for the first time in their Reply. See Loc. R. 104.4 (D. Md. 2025) (noting that "discovery shall not commence and

disclosures need not be made until a scheduling order is entered"). Plaintiff, who is proceeding pro se, had no opportunity to address this new evidence in his Response and would be severely prejudiced if unable to do so now. This District has recognized its discretion to permit self-represented parties to file sur-replies to ensure fairness. Should this Court decline to exclude the exhibits or convert the motion, Plaintiff respectfully requests leave to file a sur-reply to address this new evidence and present his own countervailing evidence.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: a. Excluding and striking the exhibits attached to the State Defendants' Reply; or, in the alternative, b. Converting the State Defendants' Motion to Dismiss into a Motion for Summary Judgment and setting a schedule for discovery and briefing; or, in the further alternative, c. Granting Plaintiff leave to file the proposed Sur-Reply, which will be submitted for the Court's review.

**Respectfully submitted,**

Kevin A. Soper, Pro Se                     7/22/2026

Date

704 Cedarday Dr
Belair, Md. 21015

newlifebearing@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2026, a copy of the foregoing PLAINTIFF'S MOTION TO EXCLUDE EXHIBITS AND, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY was served via the Court's CM/ECF system on all counsel of record.

_____          7/22/2026
Kevin A. Soper, Pro Se                          Date

Kevin A. Soper
704 Cedarday Dr
Belair, Md. 21015
newlifebearing@gmail.com