# In The Federal District Court for Maryland

| | |
|---|---|
| Kevin A. Soper (Pro Se) | * |
| | * |
| v | * Case Number 1:26-cv-00069 |
| | * |
| Willie Farrar, Dale Money | * |
| Robert Sentman, | * Plaintiff consents to Magistrate Jurisdiction |
| Charlene M. Notarcola | * Jury Trial Demanded |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff Kevin A. Soper, proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file his Second Amended Complaint, a copy of which is attached hereto as Exhibit A. In support of this Motion, Plaintiff states as follows:

## I. PROCEDURAL HISTORY

1. Plaintiff filed his original Complaint on January 8, 2026 (ECF No. 1), which included both Bivens claims and 42 U.S.C. § 1983 claims.
2. On May 6, 2026, the Court granted Plaintiff leave to file his First Amended Complaint. (ECF No. 16.)
3. Plaintiff's First Amended Complaint was entered on the Docket on May 28, 2026. (ECF 21)
4. State Defendants Robert Sentman and Charlene M. Notarcola filed a Motion to Dismiss the First Amended Complaint. Plaintiff filed a Response, and State Defendants filed a Reply.
5. Federal Defendants Willie Farrar and Dale Money were served on July 11, 2026, and have not filed any responsive pleading or motion.

## II. PURPOSE OF THE AMENDMENT

6. The Second Amended Complaint makes only narrow, ministerial changes to correct the legal basis for the federal constitutional claims. Specifically:

**a.** All references to "Bivens" or "Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)" have been removed.
**b.** All counts previously labeled "(Bivens Action)" have been relabeled as "(42 U.S.C. § 1983)" claims.
**c.** References to "color of federal law" and "color of federal authority" for Defendants Farrar and Money have been changed to "color of state law"—because these federal VA Police officers were acting under color of state law when they sought and obtained state arrest warrants from a Maryland court, not under federal authority.
**d.** Paragraphs stating "This claim is brought directly under the United States Constitution pursuant to Bivens" have been replaced with "This claim is brought pursuant to 42 U.S.C. § 1983."

7. All factual allegations, all state law claims, all arguments, all paragraph numbering, and all other content remain exactly the same as the First Amended Complaint. No new facts, no new claims, and no new parties are added.

## III. LEGAL ARGUMENT

8. Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

9. Because Plaintiff has already amended once (the First Amended Complaint), this second amendment requires leave of court. *See Daulatzai v. State of Maryland*, No. TDC-21-0917, 2021 WL 2688537 (D. Md. June 30, 2021) (holding that a plaintiff seeking to amend for a second time must seek leave of court under Rule 15(a)(2), because Rule 15 counts all prior amendments).

10. The Fourth Circuit has a strong policy of liberally allowing amendments. *See Brathwaite v. Georgiades*, No. DLB-22-3521, 2024 WL 824967 (D. Md. Feb. 28, 2024) ("The Fourth Circuit's policy is to liberally allow amendment").

11. The factors that could justify denying leave—undue delay, bad faith, dilatory motive, repeated failure to cure, undue prejudice, or futility—are entirely absent here:

 **a. No undue delay**: The need for correction arose from the legal posture of the case, as the Bivens theory is inapplicable because the federal officers were acting under color of state law, not federal authority.

 **b. No bad faith or dilatory motive**: Plaintiff is correcting a legal theory, not engaging in gamesmanship.

 **c. No repeated failure to cure**: This is the first correction of this legal theory.

 **d. No undue prejudice**: The State Defendants have already responded to the First Amended Complaint with a Motion to Dismiss, and the factual allegations

are entirely unchanged. The Federal Defendants have not yet responded to any complaint.

   **e. No futility**: The claims are the same; only the legal vehicle has changed from Bivens to § 1983.

12. The Federal Defendants were served on July 11, 2026, and have not filed any responsive pleading or Rule 12 motion, so they cannot claim prejudice from the amendment.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant him leave to file his Second Amended Complaint, attached hereto as Exhibit A.

Respectfully submitted, _____   8/12/2026

                            Kevin A. Soper           Date

704 Cedarday Dr

Bel Air, MD 21015

newlifebearing@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August, 2026, a copy of the foregoing Motion and attached Proposed Second Amended Complaint was served via the Court's CM/ECF system on all counsel of record. And, the Amended Complaint shall be served upon the Federal Defendants upon return of the Court's GRANTING Plaintiff's Motion to Amend.

**Signed(Plaintiff)** _____ **Date;** 8/12/2026

                     Kevin A. Soper

704 Cedarday Dr
   Belair, Md. 21015
newlifebearing@gmail.com

3 Of 3