# Exhibit A

to the

Memorandum in Support of Federal Defendants'
Motion to Dismiss or, Alternatively, for Summary Judgment

*Soper v. Farrar, et al.*, No. 1:26-cv-00069-JRR (D. Md.)

**Department of Veterans Affairs**
**Veterans Health Administration**
**Washington, DC 20420**

**VHA DIRECTIVE 1078**
**Transmittal Sheet**
**November 29, 2021**

# PRIVACY OF PERSONS REGARDING PHOTOGRAPHS, DIGITAL IMAGES AND VIDEO OR AUDIO RECORDINGS

**1. REASON FOR ISSUE:** This Veterans Health Administration (VHA) directive mandates the parameters under which members of the VHA workforce may produce and use photographs, digital images and video or audio recordings of all persons and reinforces existing regulations covering these activities.

**2. SUMMARY OF MAJOR CHANGES:** Major changes include:

a. Terms added to the definitions section (see paragraph 3).

b. Revisions and additons to the responsibilites of: Assistant Under Secretary for Health for Operations (see paragraph 5.c.), Director, Information Access and Privacy (see paragraph 5.d.), Veterans Integrated Service Network (VISN) Directors and Chief Program Officers (see paragraph 5.e.), Department of Veterans Affairs (VA) health care facility Director (see paragraph 5.f.), the VA health care facility Chief of Staff (see paragraph 5.g.), the VA health care facility Chief of Police (see paragraph 5.j.), VA health care facility Records Manager (see paragraph 5.m.), VA health care facility Privacy Officer (see paragraph 5.l.), VA health care facility Public Affairs Officer (see paragraph 5.n.), VA health care facility Informaton System Security Officer (see paragraph 5.p.) and Members of the VHA Workforce (see paragraph 5.r.).

c. Added Rules Regarding The Production Of Photographs, Digital Images And Video Or Audio Recordings Offsite During Tour Of Duty (see Appendix B).

**3. RELATED ISSUES:** VHA Directive 1605.01, Privacy and Release of Information, dated August 31, 2016.

**4. RESPONSIBLE OFFICE:** The Office of Health Informatics (105HIG), VHA Information Access and Privacy Office, in the Office of the Deputy Under Secretary for Health (10A) is responsible for the contents of this VHA directive. Questions may be referred to the Director, Information Access and Privacy Office at 704-245-2492.

**5. RESCISSIONS:** VHA Directive 1078(1), Privacy of Persons Regarding Photographs, Digital Images and Video or Audio Recordings, dated November 4, 2014, is rescinded.

**RECERTIFICATION:** This VHA directive is scheduled for recertification on or before the last working day of November 2026. This VHA directive will continue to serve as national VHA policy until it is recertified or rescinded.

**BY DIRECTION OF THE OFFICE OF THE UNDER SECRETARY FOR HEALTH:**

/s/ Mark Upton, MD
Deputy to the Assistant Under Secretary for Health for Community Care,
Performing the Delegable Duties of the Deputy Under Secretary for Health

***NOTE:*** *All references herein to VA and VHA documents incorporate by reference subsequent VA and VHA documents on the same or similar subject matter.*

**DISTRIBUTION:** Emailed to the VHA Publication Distribution List on November 30, 2021.

CONTENTS

PRIVACY OF PERSONS REGARDING PHOTOGRAPHS, DIGITAL IMAGES AND VIDEO OR AUDIO RECORDINGS

1. PURPOSE ... 1

2. BACKGROUND ... 1

3. DEFINITIONS ... 1

4. POLICY ... 5

5. RESPONSIBILITIES ... 5

6. TRAINING ... 16

7. RECORDS MANAGEMENT ... 16

8. REFERENCES ... 16

APPENDIX A

RULES REGARDING THE PRODUCTION OF PHOTOGRAPHS, DIGITAL IMAGES AND VIDEO OR AUDIO RECORDINGS IN TREATMENT, SECURE, PERSONAL AND OTHER AREAS ON VHA PREMISES ... A-1

APPENDIX B

RULES REGARDING THE PRODUCTION OF PHOTOGRAPHS, DIGITAL IMAGES AND VIDEO OR AUDIO RECORDINGS OFFSITE DURING TOUR OF DUTY ... B-1

**PRIVACY OF PERSONS REGARDING PHOTOGRAPHS, DIGITAL IMAGES AND VIDEO OR AUDIO RECORDINGS**

**1. PURPOSE**

This Veterans Health Administration (VHA) directive maintains VHA policy by which members of the VHA workforce may produce and use photographs, digital images and video or audio recordings of all persons, and reinforces existing regulations covering these activities. **AUTHORITY**: 38 U.S.C. § 7301(b); 38 C.F.R. § 1.218; 41 C.F.R. § 102-74.420. ***NOTE:*** *This policy specifically does not address Veterans, patients or their family members from recording providers or employees without their permission as no federal statute or regulation prohibits such action.*

**2. BACKGROUND**

a. As the largest integrated health care system specifically designed for Veterans, it is important that VHA honors the rights of Veterans, patients, residents, members of the VHA workforce and visitors to give or withhold consent to use their image or voice, when appropriate. This directive defines the processes for notifying persons and obtaining consent (if required) to overtly produce photographs, digital images and video or audio recordings and the process to authorize covert production of photographs, digital images and video or audio recordings by the VHA workforce. It also defines how VHA may use such products.

b. The proliferation and widespread use of mobile devices impacts an individual's right to privacy. Because small mobile devices such as smartphones are so common, individuals can easily take and share pictures, video or audio recordings, often without explicit authorization from or knowledge of the subject. Both Government-Furnished Equipment (GFE) and personal devices have these capabilities. ***NOTE:*** *Department of Veterans Affairs (VA) Handbook 6500, Risk Management Framework for VA Information Systems VA Information Security Program, dated February 24, 2021, defines the responsibilities of VHA employees concerning the use of GFE.*

**3. DEFINITIONS**

a. **Consent.** For the puposes of this directive, consent is defined as giving written or oral permission to overtly produce photographs, digital images and video or audio recordings and written permission to authorize covert production of photographs, digital images and video or audio recordings by the VHA workforce.

b. **Covert Production.** Covert production is production of photographs, digital images and video or audio recordings occurring through a device that is concealed from view or hidden to disguise its intended purpose, and when at least one party that appears on or is heard in the product lack notice of the recording. For example, using a mobile device to take a photograph or digital image of a sleeping person, who should not be sleeping at their place of employment, would be covert production. ***NOTE:*** *Covertly produce has the same definition as covert production.*

c. **Digital Image.** A digital image is a numeric representation (normally binary) of a two-dimensional image. The term "digital image" usually refers to raster images also called bitmap images. Raster images can be created by a variety of devices and techniques such as digital cameras, scanners, coordinate-measuring machines and airborne radar. Some examples of digital images include photographs taken with a digital camera and images taken during an endoscopy, retinal scan or Magnetic Resonance Imaging (MRI).

d. **Law Enforcement Purpose.** A law enforcement purpose is an effort to enforce Federal laws (under authority provided by 38 U.S.C. § 902 and the rules prescribed by the Secretary of VA in 38 C.F.R. § 1.218(a) and (b)). Photographing, imaging and recording will only be conducted consistent with 18 U.S.C. § 1801, which addresses certain instances of videotaping an individual without consent; or 18 U.S.C. § 2511, which prohibits the unauthorized interception, disclosure and use of wire oral or electronic communication, as well as VA regulations. For example, security surveillance television (SSTV) with cameras or recording devices are often installed in a VA canteen or other retail operation for security monitoring in order to identify criminal activity.

e. **Official Duty Station.** For the purposes of this directive, an official duty station is an employee's duty station that is documented on the most recent notification of personnel action (e.g., on a Standard Form 50) for their position of record. Normally, an employee's duty station is the city/town, county and state where they regularly work as determined by the employing agency.

f. **Official Purpose.** For the purposes of this directive, official purpose includes any and all production and uses authorized by law, except for union activity, production and use for treatment purposes or as part of VA-approved research. While treatment of patients is an official VA purpose (see VHA Directive 1907.01, VHA Health Information Management and Health Records, dated April 5, 2021), treatment and diagnostic purposes are handled separately in this directive. Official purposes include, but are not limited to: certain education activities (e.g., development of educational brochures, face-to-face or virtual training videos and materials), training of health care professionals, staff photos on websites or posters, communications and general community outreach (including promoting services using a patient or group photograph in VA health care facility newsletters),VA health care facility outreach programs, social media or preparation of publications. ***NOTE:*** *The definition of "official purpose" does not include: photographs, digital images or video or audio recordings produced or used as part of VA-approved research. See VHA Directive 1200.05(2), Requirements for the Protection of Human Subjects Research, dated January 7, 2019, for specific requirements for producing and using photographs, digital images and video or audio recordings as part of VA-approved research.*

g. **Other Areas.** For purposes of this directive, other areas are portions of the VHA premises that are accessible, subject to restrictions and limitations on access authorized in 38 C.F.R. § 1.218(a), where treatment and administrative operations do not occur and where there is no reasonable expectation of privacy. Examples of other areas include but are not limited to: hallways, elevators, stairways, lobbies, cafeterias,

waiting areas, child care centers, outdoor areas, parking areas, garages and auditoriums.

h. **Overt Production.** Overt production of photographs, digital images or video or audio recordings occurs through a device that is in an area where all persons have awareness and notice (e.g., through a posted notice or informed consent) that they are subject to photography, imaging or recording.

i. **Patient Safety Purpose.** A patient safety purpose exists when a VA health care provider reasonably believes that there is a likely and serious safety risk to a patient and monitoring of the patient's actions is needed to ensure VA health care providers can take immediate action to intervene. Examples of patient safety purposes include but are not limited to: risks that a patient may slip and fall, may dislodge or remove a feeding or ventilation tube or that a patient may develop a life-threatening health condition. ***NOTE:*** *A patient safety purpose is distinct from a treatment purpose in that patient safety is intended to protect the patient from immediate harm, while a treatment purpose is intended to treat or improve a patient's medical condition.*

j. **Personal Areas.** For purposes of this directive, personal areas are portions of the VHA premises where persons have a reasonable expectation of privacy. Examples of personal areas include a changing room or a bathroom.

k. **Personal Use.** For purposes of this directive, personal use includes any and all uses not authorized by VA for: official purposes, union activity, VA-approved research, patient safety purposes or treatment purposes, including political activity. Personal use of a photograph, digital image or video or audio recording can occur by posting, printing or otherwise transmitting the photograph, digital image or video or audio recording for personal use on or through a social media account (notwithstanding any privacy limitations in place for the account) or email account of a VHA employee.

l. **Personally Identifiable Image or Likeness.** A personally identifiable image or likeness is one where a person could be identified based on the image. An image may be identifiable because of a unique physical characteristic of the individual or another factor that makes the individual uniquely identifiable.

m. **Production or Produce.** The production or producing of photographs, digital images, video or audio recordings is taking, creating or otherwise manufacturing such images or recordings for any purpose.

n. **Raster Image.** A raster image is a pattern of closely spaced rows of dots that form an image.

o. **Secure Areas.** Secure areas are portions of the VHA premises where administrative or technical functions are performed or where security needs require a reduced expectation of privacy. Some examples of secure areas include: an office or cubicle in an office area or suite, maintenance facilities, agent cashier booths or pharmacy vaults.

p. **Social Media Platforms.** Social media platforms are any social media-related service, application or website, including Facebook, Twitter, Google, LinkedIn or any of their respective affiliates.

q. **Treatment.** Treatment means the diagnosis, provision, coordination or management of health care and related services by one or more health care providers, including: the coordination or management of health care by a health care provider with a third party, consultation between health care providers relating to a patient or the referral of a patient for health care from one health care provider to another. ***NOTE:*** *Refer to VHA Handbook 1004.01(5), Informed Consent for Clinical Treatment and Procedures, dated August 14, 2009, for additional guidance*.

r. **Treatment Areas.** Treatment areas are portions of the VA health care facility premises where treatment is performed. Examples of treatment areas include: inpatient rooms and wards; outpatient examination rooms or clinic; surgical suites and recovery areas; and intensive or specialty care units. In some treatment areas, a person may have a reduced expectation of privacy (e.g., if more than one patient shares a room or in areas where treatment is provided as part of education for VHA trainees).

s. **Treatment Purpose.** A treatment purpose includes any activities associated with providing treatment to individuals. Treatment purpose is distinct from a patient safety purpose in that treatment is intended to treat or improve a patient's medical condition, while a patient safety purpose is intended to protect the patient from immediate harm.

t. **Union Activity.** Union activity is activity relating to the internal business of a labor organization.

u. **Unoffical Purpose.** An unofficial purpose includes any and all production and uses not authorized by law. Unofficial purposes include but are not limited to: photography or recording of the any member of the VHA workforce by other members of the VHA workforce for personal use or other uses without the consent of the VHA workforce member being recorded unless covert production is authorized as outlined in this directive.

v. **VA Health Care Facility.** For the purpose of this directive, the term VA health care facility means each office and operation under the jurisdiction of VHA, including, but not limited to: VHA Program offices, Veterans Integrated Service Network (VISN) offices, VA medical facilities, VA health care systems, Community-based Outpatient Clinics (CBOCs), Readjustment Counseling Centers (Vet Centers) and Research Centers of Innovation (COIN).

w. **VHA Premises.** For purposes of this directive, VHA premises refers to property under the charge and control of VA (and not under the charge and control of the General Services Administration (GSA) or the Department of Defense (DoD), including any of the branches of the Armed Forces) used for official, patient safety or treatment purposes. These include, but are not limited to: VA health care facilities, CBOCs,

outreach clinics, domiciliaries, Community Living Centers ((CLCs), formerly called nursing homes) and Vet Centers.

x. **VHA Workforce.** For purposes of this directive, members of the VHA workforce include all VA employees, without compensation employees (e.g., volunteers), contractors and trainees (e.g., residents and interns) assigned to an official duty station within VHA. Contractors are only members of the VHA workforce for purposes of adhering to this policy and such classification does not change a contractor being a business associate under the Health Insurance Portability and Accoutability Act (HIPAA) Privacy Rule.

## 4. POLICY

It is VHA policy to respect the privacy of all persons by limiting the circumstances by which members of the VHA workforce may produce and use photographs, digital images and video or audio recordings of all persons for offical purposes, consistent with the needs of operating a national health care system. The policies and responsibilities outlined in this directive are not limited to VHA premises but apply to members of the VHA workforce during their official tour of duty regardless of working location. Members of the VHA workforce who violate the policies outlined in this directive may be subject to discipline as outlined in VA policy and regulations. ***NOTE:*** *Privacy protections on VHA premises vary according to the needs and purposes of different types of areas, the persons included and the purpose of the production and use of photographs, digital images and video or audio recordings.*

## 5. RESPONSIBILITIES

a. **Under Secretary for Health.** The Under Secretary for Health is responsible for ensuring overall VHA compliance with this directive.

b. **Deputy Under Secretary for Health.** The Deputy Under Secretary for Health is responsible for supporting the VHA Information Access and Privacy Office with the implementation and oversight of this directive.

c. **Assistant Under Secretary for Health for Operations.** The Assistant Under Secretary for Health for Operations is responsible for:

(1) Communicating the contents of this directive to each of the VISNs.

(2) Assisting VISN Directors to resolve implementation and compliance challenges in all VA medical facilities within that VISN.

(3) Providing oversight of VISNs to ensure compliance with this directive and its effectiveness.

d. **VHA Director, Information Access and Privacy.** The VHA Director, Information Access and Privacy is responsible for:

(1) Developing and implementing a monitoring system to ensure compliance with this directive.

(2) Providing expert guidance to VHA field staff in regard to the content of this directive.

(3) Issuing direction to VISNs regarding all aspects of implementing this directive.

(4) Establishing requirements for the responsibilities of VISN and VA health care facility-level Privacy Officers and program office Privacy Liaisons and providing implementation guidance, as needed.

e. **Veterans Integrated Services Network Directors and Chief Program Officers.** Each VISN Director and Chief Program Officer is responsible for:

(1) Ensuring that all VA health care facilities within their respective VISN and programs comply with this directive and informing leadership when barriers to compliance are identified.

(2) In collaboration with the VA health care facility Chief of Police, reviewing and approving requests (if appropriate) before photography or video recording may be used. See Appendix A.

(3) Ensuring procedures consistent with this directive are established within their respective VISNs and programs and distributed to all personnel.

f. **VA Health Care Facility Director.** The VA health care facility Director is responsible for:

(1) Ensuring all members of the VHA workforce comply with this directive.

(2) Collaborating with the VA health care facility Chief of Police, the VA health care facility's Privacy Officer and the chiefs of programs, e.g., Mental Health Chief to identify each area of the VA health care facility and designating each area as a treatment area, secure area, personal area or other area, by posting signage or other notifications, and ensuring that signage or other notifications continue to be posted, as needed (see Appendix A).

(3) Reviewing the premises of the VA health care facility and classifying area functions as follows: treatment areas, secure areas, personal areas or other areas.

(4) Ensuring that VA health care facility staff understand the four area classifications for the VHA premises, and the resulting standards and limitations (as described in Appendix A) and requirements when offsite during tour of duty (as described in Appendix B) related to producing photographs, digital images and video or audio recordings.

(5) Delegating the posting of signs to the VA health care facility Chief of Police for posting in public, secure and personal areas where individuals are subject to photography or video recording. The signs are developed by the Medical Media Service or other designated media service within the VA health care facility.

(6) Reviewing and approving requests for covert use of equipment with the Chief Counsel, the VA health care facility's IntegratedEthics Program Officer, the VA health care facility's Chief of Police and the VA health care facility's Senior Strategic Business Partner , as applicable. ***NOTE:*** *Appendix A defines the process and approvals required for the covert use of equipment.*

(7) Posting on VA health care facility SharePoint sites a link to this directive and training VA health care facility workforce on the directive.

(8) Ensuring no members of the VHA workforce produce a photograph, digital image or video or audio recording of any person on VHA premises for their own or another individual's or entity's personal use except as permitted by this directive.

(9) Ensuring that no personally identifiable image, likeness or recording of members of the VHA workforce is included in a photograph, digital image or video or audio recording produced and used by VHA without the person's written or verbal consent to produce and use such products. Examples include: publicly posting photographs of members of the treatment team (e.g., VA health care facility Director, Chief of Staff, Patient Advocate, Privacy Officer or Information Security Officer) for patients with memory issues, posting photographs of key officers so patients and the public can readily identify them.

(10) Ensuring that any operating Call Center notify persons if calls will be subject to monitoring or recording and how any recording will be used. Such notice is sufficient to establish consent by participants on the call to the monitoring, recording and use of any recording. ***NOTE:*** *Call Center operators do not need to obtain a signed VA Form 10-3203, Consent for Production and Use of Verbal or Written Statements, Photographs, Digital Images and/or Video or Audio Recordings by VA, from participants.*

(11) Ensuring that VA health care facility Chief of Police oversees the posting of signs at entryways or in other easily visible and accessible locations on VHA premises except in the GSA building, and in property controlled by DoD, that advises all persons that photographs for advertising or commercial purposes must only be taken with the written consent of the Director of the VA health care facility or a designee, and that photographs for news purposes must only be taken at entrances, lobbies, foyers or in other places designated by the VA health care facility Director or a designee, pursuant to 38 C.F.R. § 1.218(a)(10).

(12) In consultation with the VA health care facility's Senior Strategic Business Partner and VA health care facility Chief of Police, reviewing and approving requests for covert use of equipment to produce photographs, digital images or video or audio recording that will be used to investigate suspected cases of employee misconduct

while complying with standards and policies published by VA's Office of Security and Law Enforcement. ***NOTE:*** *Appendix A defines the process and approvals required for the covert use of equipment.*

(13) Reviewing and approving (as appropriate), with the VA health care facility IntegratedEthics Program Officer, requests for the covert use of equipment to produce photographs, digital images or video or audio recordings in rare clinical circumstances, when the covert use of equipment is required for diagnostic or treatment purposes (e.g., for diagnosing suspected mental health disorders involving self-harm or self-created conditions or symptoms, such as Munchausen syndrome). ***NOTE:*** *Appendix A defines the process and approvals required for the covert use of equipment.*

(14) Collaborating with the VA health care facility Privacy Officer and the VA health care facility Chief of Police to identify each area of the VA health care facility and designating such area as a treatment area, secure area, personal area or other area through signage or other notifications, as needed (see Appendix A).

g. **VA Health Care Facility Chief of Staff or Associate Director for Patient Care Services.** The VA health care facility Chief of Staff or Associate Director for Patient Care Services, depending on the VA health care facility, is responsible for:

(1) Ensuring that video or audio monitoring equipment installed for patient safety purposes is only accessed and viewed by VA health care providers, who are responsible for ensuring the safe delivery of care and authorized to take action based on the monitoring accessed.

(2) Ensuring that video or audio monitoring equipment is used to monitor (rather than record) the patient. ***NOTE:*** *This limitation does not apply to SSTV installed under the supervision of VA law enforcement personnel. Recording images or sounds when using monitoring equipment for patient safety purposes is prohibited, as the purpose of monitoring for patient safety is only to afford an opportunity to take immediate action based on the monitoring.*

(3) Posting notices in treatment areas with overt recording announcing that the area is subject to photography or video recording. When the notice is posted in a treatment area and visually impaired individuals are treated in that area, then they must be notified verbally. When the use of video or audio equipment is for patient safety purposes, patients must be notified verbally of the use of this equipment.

(4) Ensuring members of the VHA workforce understand photographs, digital images or video or audio recordings produced for treatment purposes do not require the consent of members of the VHA workforce appearing or heard in such products. See paragraph 5.r.(1) for information on obtaining the informed consent of the patient or the patient's surrogate (or personal representative) for treatment purposes when required by VHA Handbook 1004.01(5). ***NOTE:*** *If the patient receiving treatment or care is also a member of the VHA workforce, he or she is considered a patient while receiving such care for purposes of this directive.*

h. **Director of VA Health Care Facility in a General Services Administrative Building.** ***NOTE*****:** *Almost all VA health care facilities are not in GSA buildings, so GSA standards do not apply to most VA health care facilities.* The Director of a VA health care facility in a GSA building is responsible for:

(1) Complying with all requirements contained in paragraph 5.f.(1-12).

(2) Delegating the posting of notices to the VA health care facility Chief of Police, in accordance with GSA regulations at 41 C.F.R. § 102-74.420, that persons entering in or on that Federal property (including patients, residents, members of the VHA workforce or visitors) may be filmed or photographed:

(a) For non-commercial purposes, only with the written permission of the VA health care facility Director or designee.

(b) For commercial purposes, only with the written permission of the VA health care facility Director or designee.

(c) For news purposes, only in building entrances, lobbies, foyers, corridors or auditoriums.

i. **VA Health Care Facility Director of Department of Defense Property.** The VA health care facility Director overseeing property controlled by DoD (including any of the branches of the Armed Forces) is responsible for:

(1) Complying with all requirements contained in paragraph 5.f.(1-12) unless they conflict with requirements imposed by DoD.

(2) Posting notice that advises all persons of any applicable limitations in 32 C.F.R. concerning the production of photographs, digital images or video or audio recordings. ***NOTE:*** *For a list of these requirements, consult with the Office of General Counsel.*

j. **VA Health Care Facility Senior Strategic Business Partnerer.** The VA health care facility's Senior Strategic Business Partner, in consultation with the VA health care facility Director, is responsible for reviewing and approving requests for covert use of equipment to produce photographs, digital images or video or audio recording that will be used to investigate suspected cases of employee misconduct. ***NOTE:*** *Appendix A defines the process and approvals required for the covert use of equipment.*

k. **VA Health Care Facility Chief of Police.** The VA health care facility Chief of Police is responsible for:

(1) In consultation with the VA health care facility Director, reviewing and approving requests for covert use of equipment to produce photographs, digital images or video or audio recording that will be used to investigate suspected cases of employee misconduct while complying with standards and policies published by VA's Office of Security and Law Enforcement. ***NOTE:*** *Appendix A defines the process and approvals required for the covert use of equipment.*

(2) Collaborating with the VA health care facility Director and the VA health care facility's Privacy Officer and the chiefs of programs (e.g., Mental Health Chief) to identify each area of the VA health care facility, and designating each area as a treatment area, secure area, personal area or other area, by posting signage or other notifications, and ensuring that signage or other notifications continue to be posted, as needed (see Appendix A).

l. **VA Health Care Facility IntegratedEthics Program Officer.** The VA health care facility IntegratedEthics Program Officer provides authoritative resources for addressing the complex ethical issues that arise in patient care, in health care mangement and research. Ethics consultation (also known as health care ethics consultation) refers to the activities performed by an individual ethics consultant, a team of ethics consultants or an ethics committee on behalf of a health care organization to help patients, CLC residents, providers or other parties resolve ethical concerns in the health care setting. The VA health care facility IntegratedEthics Program Officer is responsible for:

(1) Ensuring that an ethics consultation is performed, if requested.

(2) Reviewing, with the VA health care facility Director, requests for the covert use of equipment to produce photographs, digital images or video or audio recordings in rare clinical circumstances, when the covert use of equipment is required for diagnostic or treatment purposes (e.g., for diagnosing suspected mental health disorders involving self-harm or self-created conditions or symptoms, such as Munchausen syndrome). ***NOTE:*** *Appendix A defines the process and approvals required for the covert use of equipment.*

(3) Advising VA staff, as requested, on other questions or issues of ethics in health care that may arise in the context of this directive.

m. **VA Health Care Facility Privacy Officer.** The VA health care facility Privacy Officer is responsible for:

(1) Collaborating with the VA health care facility Director and the VA health care facility Chief of Police to identify each area of the VA health care facility and designating such area as a treatment area, secure area, personal area or other area (see Appendix A).

(2) Providing training and assistance to VA health care facility staff regarding policy interpretation and implementation as required by this directive.This training can be in the form of individual training services based on needs or specific questions.

(3) Collaborating with the VA health care facility Records Manager to ensure adherence to the record retention and disposition requirements for the consent forms.

(4) Collaborating with the VA health care facility Records Manager in assisting departments or service lines who are collecting VA Form 10-3203a, Informed Consent and Authorization for Third Parties to Produce or Record Statements, Photographs,

Digital Images or Video or Audio Recordings, with storage requirements (see paragraph 7).

n. **VA Health Care Facility Records Manager.** The VA health care facility Records Manager is responsible for:

(1) Collaborating with the VA health care facility Privacy Officer to adhere to Records Control Schedule (RCS) 10-1, including item 1900.14, the record retention schedule and disposition requirements for consent forms (see paragraph 7).

(2) Collaborating with the VA health care facility Information System Security Officer in order to meet electronic storage requirements for collection of consent forms at VA health care facilities (see paragraph 7).

(3) Ensuring the consents using VA Form 10-3203a are addressed on the VA health care facilty record inventory file plan.

o. **VA Health Care Facility Public Affairs Officer.** The VA health care facility Public Affairs Officer is responsible for:

(1) Informing members of the public, news media and other organizations of the limitations regarding the production of photographs as described in 38 C.F.R. § 1.218(a)(10).

(2) Notifying all persons on VHA premises who are asked to appear or be recorded in photographs, digital images or video or audio recordings by members of the news media or other non-VA persons or organizations, of the requirement to complete VA Form 10-3203a, unless the product is being created for the personal use of the persons appearing therein (e.g., a patient asks a visitor to take a photograph of the two of them together).

(3) Working with VA health care providers to ensure that during such production of photographs, digital images or video or audio recordings, VA health care providers do not directly or inadvertently (e.g. showing X-rays or MRI results) disclose health information regarded as part of the medical record unless the patient has completed a VA Form 10-5345, Request for and Authorization to Release Medical Records or Health Information.

(4) Encouraging patients who elect to reveal their own health information to complete VA Form 10-5345. ***NOTE:*** *Patients may always reveal their own health information. If a person chooses to release his or her own information when a non-VA person or entity is producing a photograph, digital image or video or audio recording, no authorization for the release of information is required, but patients are encouraged to complete the form to help ensure their consent is explicit.*

p. **VA Health Care Facility Voluntary Services Manager.** The VA health care facility Voluntary Services Manager is responsible for collaborating with the VA health care facility Public Affairs Officer to ensure that this directive is followed at all activities

and events at which volunteers may produce or use photographs, digital images or video or audio recordings, including activities occurring on non-VHA premises, see paragraph 5.r.(5).

q. **VA Health Care Facility Information System Security Officer.** The VA health care facility Information System Security Officer is responsible for collaborating with the VA medical Facility Privacy Officer and Records Manager in order to meet electronic storage needs and requirements for consent forms collected at VA health care facilities and approving the use of VA-approved equipment for photography, digital images and video or audio recordings (see paragraph 7).

r. **VA Health Care Facility Medical Media Service Chief.** The VA health care facility Medical Media Service Chief is responsible for developing signage for posting in areas where photography, digital recording or video or audio recording activities are prohibited. ***NOTE:*** *VA health care facilities without this role may rely on established processes.*

s. **Members of the VHA Workforce.** All members of the VHA workforce are responsible for:

(1) Overtly producing photographs, digital images or video or audio recordings of persons only for treatment purposes with the person's oral or written consent as outlined in VHA Handbook 1004.01(5).

(2) For VA health care providers in treatment areas, obtaining the patient's (or patient's surrogate or personal representative's) informed consent for treatment or procedures according to VHA Handbook 1004.01(5). The informed consent discussion between the provider and the patient must detail all elements of the treatment or procedure, including use of photographs, digital images of the patient for treatment purposes (e.g., X-rays, CT scans, nuclear medicine scans, MRI scans, ultrasound) or video or audio recordings. Under these circumstances, the informed consent for treatment or procedure covers the production and use of photographs, digital images and video or audio recordings of a patient for treatment purposes even when oral informed consent is permitted per VHA Handbook 1004.01(5). ***NOTE:*** *No additional consent to photograph or record for treatment purposes is required.*

(3) Placing any photographs, digital images and video or audio recordings produced by the workforce member and used for treatment purposes in the patient's electronic health record (EHR). All photographs, digital images and video or audio recordings produced and used for treatment purposes are subject to the requirements of VHA Directive 1907.01. ***NOTE:*** *All products taken for treatment purposes may be used and must be protected in accordance with HIPAA Regulations regardless of storage location.*

(4) Obtaining the patient's consent for overt production of photographs, digital images or video or audio recordings of persons for official purposes, using VA Form 10-3203.

(5) Obtaining the consent of persons when not on VHA premises before producing and using a personally identifiable image, likeness or recording in photographs, digital images or video or audio recordings of such persons for official purposes using VA Form 10-3203. For example, a member of the VHA workforce attending a convention sponsored by a non-VA organization could take a photograph of a speaker at that convention for an official purpose, with the consent of the speaker using VA Form 10-3203 but would not need to secure consent from other persons who appear in the photograph if they are not identifiable. VA's use of any photographs, digital images or video or audio recordings must be consistent with what is approved on the signed VA Form 10-3203. ***NOTE:*** *VA-approved research is not defined as an official purpose within the scope of this directive. Members of the VHA workforce engaged in or supporting VA-approved research must consult VHA Directive 1200.05(2) for specific requirements for non-exempt research. For exempt research, oral or written permission must be obtained and documented for subjects or subjects' legally authorized representatives describing any photographs, video or audio recordings to be taken or obtained for reseach purposes; how the photographs, video or audio recordings will be used for reseach and whether the photographs, video or audio recordings will be disclosed outsdie VA; a VA Form 10-3203 may be also used to document permission.*

(6) Submitting a request to the VA health care facility Director (except as noted in Appendix A) for authorization to use covert equipment or mobile devices to covertly produce photographs, digital images or video or audio recordings of persons without their consent. Staff must not use covert equipment or mobile devices to covertly produce photographs, digital images or video or audio recordings of persons without their consent unless the VA health care facility Director and, as necessary, based on requirements established in Appendix A, Chief Counsel, the IntegratedEthics Program Officer, the Chief of Police and the Senior Strategic Business Partner have approved the use of such equipment or mobile devices.

(7) Obtaining authorization from the patient or patient representative using VA Form 10-5345, prior to disclosing for official purposes a photograph, digital image or video or audio recording if the product contains individually identifiable health information or protected health information (including facial images) and is expected to be seen, read or heard by others outside of VA. ***NOTE:*** *Some examples of when this requirement applies are when the photograph, digital image or video or audio recording containing individually identifiable health information is disclosed for a VA teaching or training program involving individuals from outside VA, for publication in a professional or academic journal or for a seminar or conference where attendance by non-VA persons is expected.*

(8) Informing persons they may rescind their consent allowing VHA to produce a photograph, digital image or video or audio recording for an official purpose. Members of the VHA workforce must honor such a request and cease production upon request and destroy, as appropriate and in compliance with records retention requirements, any photographs, digital images or video or audio recordings produced for an official purpose in accordance with the provisions of VA Handbook 6500.

(9) Informing persons when the photograph, digital image or video or audio recording is produced that they may ask relevant VHA members of the workforce at any point to no longer use the photograph, digital image or video or audio recording for an official purpose. Members of the VHA workforce must honor such request and cease use if, after considering the following factors, the burden on VHA would not be unreasonable:

(a) The financial and administrative costs to VHA to comply with a request to cease using a product (e.g., the cost to recall or destroy products).

(b) The ease of complying with a request to cease using a product considering the medium of the product and other relevant factors (e.g., removing a photograph from a physical bulletin board versus editing a video production, deleting a picture after it has been taken but before it has been used).

(c) The number of parties whose cooperation is required to comply with a request to cease using a product (e.g., one VA health care facility is using a product versus many VA health care facilities or non-VA entities are using the product).

(10) Using government furnished mobile devices for official VA job-related responsibilities and not for unoffical purposes except for limited personal use of the GFE itself.

(11) Not producing a photograph, digital image or video or audio recording of any person during their official tours of duty regardless of whether on VHA premises, teleworking, traveling or performing home visits for their own or another individual’s or entity’s personal use unless the following circumstances exist under paragraph 5.r.(11)(a) or (b):

(a) Taking photographs, digital images, video or audio recordings of their own family members and friends when not acting in an official VA capacity or as a VHA employee (e.g., when making a personal visit to a family member or friend who is being treated at a VA health care facility).

(b) Producing a photograph, digital image or video or audio recording on behalf of someone other than a member of the VHA workforce at that person’s request (e.g., a patient asks a volunteer to take a photograph of the patient and their family using the patient’s camera) and with the verbal consent of all persons whose personally identifiable image or likeness appears therein.

(c) Ensuring mobile devices are not used to take photographs and digital images and video or audio recordings of other members of the VHA workforce for personal purposes without their consent.

(12) Verbally notifying visually impaired patients to whom they are providing care in treatment areas where overt recordings occur, including when the use of video or audio equipment is for patient safety purposes.

(13) Understanding consent is not required when photographs, digital images and video or audio recordings are produced and used for production of identification cards or Personal Identity Verification (PIV) cards.

(14) Except as noted below in paragraph 5.r(15) understanding that a consent is required for official purposes, from the person(s) whose personally identifiable image, likeness or recording will appear or be heard in such products using VA Form 10-3203 before producing any photograph, digital image or video or audio recording.

(15) Understanding that when producing or using photographs, digital images or video or audio recordings for official purposes at an event or meeting, in a designated “other area” on VHA premises, that verbal notice must be provided to the invitees or particpants prior to the start of the meeting or event, that such production and use may or will occur. This notice must identify the method of production and intended use of the product (e.g., recording and transcription of a meeting or ceremony).

(16) Understanding that photographs, digital images and video or audio recording are prohibited for unofficial purposes, including: members of the VHA workforce acting in a manner that is not part of their official job responsibilties and members of the VHA workforce photographing other members of the VHA workforce, Veterans or other individuals without their consent, for use on social media platforms, disputes and grievances related to Veteran care or employment-related actions.

(17) Communicating with each other or other persons using teleconferencing, video-conferencing or other similar platforms (whether or not the equipment and software are capable of producing photographs, digital images or recordings that are accessible at a later time), for official purposes does not require a consent.

(a) If the teleconference, video-conference or other platform will be recorded or imaged, the organizers must provide notification at the beginning of the event announcing to all participants that they are subject to recording or imaging and informing the participants that the recording or imaging will be used only for the purposes of the meeting or conference.

(b) All persons using such equipment and software consent to being photographed, digitally imaged or recorded.

(c) Once the meeting or conference is complete, no other use of the photographs, digital images or video or audio recordings is authorized, unless the persons whose likeness or voice appears in the photograph, digital image or video or audio recording consent to further uses as documented by VA Form 10-3203.

(18) Advising any person who contacts an organizer of an event or meeting and asks verbally or in writing that they be excluded from any photographs, digital images or video or audio recordings. If such a request is made, the organizers must take all reasonable steps to ensure the requesting person does not appear in a product that is used. ***NOTE:*** *If a member of the VHA workforce producing photographs, digital images or video or audio recordings of an event, in the course of making such a product,*

*inadvertently includes a person who has requested exclusion, that person must either take all reasonable steps to not use the product or to alter the product to remove or obscure any personally identifiable image or recording of the person who has asked to be excluded.*

**6. TRAINING**

There are no formal national training courses associated with this directive separate from mandatory national Privacy and HIPAA training, Talent Management System (TMS) 10203. However, VA health care facility Privacy Officers should develop and provide training to their VA health care facility workforce.

**7. RECORDS MANAGEMENT**

a. All records regardless of format (paper, electronic, electronic systems) created by this directive must be managed as required by the National Archives and Records Administration (NARA) approved records schedules found in VHA RCS 10-1. Questions regarding any aspect of records management should be addressed to the appropriate Records Manager or Records Liaison.

b. Record retention for consent forms requires that RCS 10-1 Veteran consent forms be kept for the life of the record. All other consent forms must be kept for 6 years.

**8. REFERENCES**

a. 18 U.S.C. § 1801.

b. 18 U.S.C. § 2511.

c. 38 U.S.C. § Chapter 9.

d. 38 C.F.R. § 1.218(a)(10).

e. 41 C.F.R. § 102-2.5, 102-74.420.

f. 45 C.F.R. § 160.103 and 164.514(b)(2).

g. VA Form 10-3203, Consent for Production and Use of Verbal or Written Statements, Photographs, Digital Images and/or Video or Audio Recordings by VA. https://vaww.va.gov/vaforms/medical/pdf/VA%20Form%2010-3203%20Fill.pdf.

h. VA Form 10-3203a, Informed Consent and Authorization for Third Parties to Produce or Record Statements, Photographs, Digital Images or Video or Audio Recordings. https://www.va.gov/vaforms/medical/pdf/vha-10-3203a-fill.pdf.

i. VA Form 10-5345, Request for and Authorization to Release Medical Records or Health Information. https://www.va.gov/vaforms/medical/pdf/VHA%20Form%2010-5345%20Fill-revision.pdf.

j. VA Directive 6371, Destruction of Temporary Paper Records, dated April 8, 2014.

k. VA Handbook 0730, Security and Law Enforcement, dated December 12, 2012.

l. VA Handbook 6500, Risk Management Framework for VA Information Systems VA Information Security Program, dated February 24, 2021.

m. VHA Directive 1200.05(2), Requirements for the Protection of Human Subjects Research, dated January 7, 2019.

n. VHA Directive 1411, Home-Based Primary Care Special Population Patient Aligned Care Team Program, dated June 5, 2017.

o. VHA Directive 1601A.01, Registration and Enrollment, dated July 7, 2020.

p. VHA Directive 1605.01, Privacy and Release of Information, dated August 31, 2016.

q. VHA Directive 1850.05, Interior Design Operations and Management Program, dated September 22, 2017.

r. VHA Directive 1907.01, VHA Health Information Management and Health Records, dated April 5, 2021.

s. VHA Directive 1907.08, Health Care Information Secuirty Policy and Requirements, dated April 30, 2019.

t. VHA Handbook 1004.01(5), Informed Consent for Clinical Treatments and Procedures, dated August 14, 2009.

u. The Joint Commission, Comprehensive Accreditation Manual for Hospitals, Rights and Responsibilities of the Individual.

## RULES REGARDING THE PRODUCTION OF PHOTOGRAPHS, DIGITAL IMAGES AND VIDEO OR AUDIO RECORDINGS IN TREATMENT, SECURE, PERSONAL AND OTHER AREAS ON VHA PREMISES

***NOTE:** The rules described in this appendix are meant to be used in conjunction with the policy and responsibilities outlined in this directive.*

### 1. TREATMENT AREAS

a. Members of the Veterans Health Administration (VHA) workforce may engage in overt or covert use of equipment to produce photographs, digital images or video or audio recordings in treatment areas as outlined in this paragraph. Access to treatment areas is limited to those authorized to enter based on the treatment need (e.g., patients, members of the VHA workforce providing care or whose duties permit entry to treatment areas and visitors of patients).

b. Members of the VHA workforce may use equipment in treatment areas to overtly produce photographs, digital images or video or audio recordings for official or treatment purposes, including but not limited to treatment, staff education and development, patient or staff safety and to promote awareness and communicate with the public. When overtly producing photographs, digital images or video or audio recordings in treatment areas, except as provided in paragraph 2.b. of this appendix, members of the VHA workforce must obtain the written consent of all parties, other than the patient(s) and members of the VHA workforce, who may appear or be heard in the recording, prior to such production. When the patient's treatment involves or requires the production of photographs, digital images or video or audio recordings, the informed consent of the patient or the patient's surrogate for treament or procedure must be obtained when, and only to the extent and manner required by VHA Handbook 1004.01(5), Informed Consent for Clinical Treatment and Procedures, dated August 14, 2009. If the production of photographs, digital images or video or audio recordings is for another official purpose, the consent must be obtained using Department of Veterans Affairs (VA) Form 10-3203, Consent for Production and Use of Verbal or Written Statements, Photographs, Digital Images and/or Video or Audio Recordings by VA.

c. Members of the VHA workforce may use video or audio monitoring equipment installed for patient safety purposes without written consent of the patient or other parties to overtly produce photographs, digital images or video or audio recordings subject to:

(1) The limitations set forth in paragraph 5.g.(1)-(2) in the body of this directive.

(2) Notification being provided to the patients in the treatment area verbally and to other parties through signage, as required by paragraph 5.g.(3) in the body of this directive.

d. As outlined in paragraph 5.g.(2) in the body of this directive, equipment installed and used for patient safety purposes must only be accessed and viewed by staff who

are both responsible for ensuring the safe delivery of care and authorized to take action based on the monitoring. Equipment may only be used to monitor (rather than record) the patient. Recording images or sounds when using monitoring equipment for patient safety purposes is prohibited because the purpose of monitoring for patient safety is to afford an opportunity to take immediate action based on the monitoring. ***NOTE:*** *If a patient is on psychiatric hold, restrained, in seclusion or otherwise poses an immediate and serious risk of harm to self or others, neither the patient nor the patient's personal representative can refuse video monitoring that the responsible VA health care provider has determined to be in the best interest of the patient and the best way to reduce a likely serious safety risk.*

e. VHA may use equipment to covertly produce photographs, digital images or video or audio recordings without the consent of persons appearing in these products for law enforcement purposes, to investigate misconduct by members of VHA's workforce or in rare clinical circumstances, when the use of equipment is required for diagnostic or treatment purposes.

(1) Both the VA health care facility Director and the VA health care facility Chief of Police must approve the use of equipment to covertly produce photographs, digital images or video or audio recordings for law enforcement purposes before the equipment may be so used. Any requirements established by the United States (U.S.) Attorney of the servicing U.S. District Court for the evidentiary use of covert surveillance must be met. If the investigation would involve the VA health care facility Director as the subject of the investigation, the following process applies:

(a) Members of the VHA workforce seeking authorization to covertly produce photographs, digital images or video or audio recordings must submit a request in writing to the Veterans Integrated Service Network (VISN) Director overseeing that VA health care facility.

(b) The VISN Director, along with the VA health care facility Chief of Police is responsible for reviewing and approving requests (if appropriate) before such equipment may be used.

f. If the use of equipment to covertly produce photographs, digital images or video or audio recordings is to investigate suspected cases of VHA workforce misconduct, the VA health care facility Director, the Chief Counsel and the Senior Strategic Business Partner of the VA health care facility all must approve this use before the equipment may be used. If the VA health care facility Director is under investigation, the following process applies:

(1) Member of the VHA workforce seeking authorization to covertly produce photographs, digital images or video or audio recordings must submit a written request to the VISN Director overseeing that VA health care facility.

(2) The VISN Director will be responsible for reviewing and approving requests after consultation with the VA health care facility Chief of Police before such equipment may be used.

g. If the use of equipment to covertly produce photographs, digital images or video or audio recordings is required in rare clinical circumstances for diagnostic or treatment purposes (e.g., for diagnosing suspected mental disorders involving self-harm or self created conditions or symptoms, such as Munchausen syndrome or to identify individual(s) suspected of posing a direct clinical hazard to the patient), the VA health care facility Director, the Chief Counsel and the VA medical facility IntegratedEthics Program Officer must approve the use, based on a treating provider's determination that the proposed recording is in the best interests of the patient and no other reasonable alternative is available to achieve the health care goal.

**2. SECURE AREAS AND PERSONAL AREAS**.

VA health care facilities must notify individuals by posting signs that they are entering secure areas and personal areas and may be subject to photography, digital imaging or video or audio recording, except as noted in paragraphs 2.b.-2.c. of this appendix.

a. VA health care facilities may use equipment to covertly produce photographs, digital images or video or audio recordings for law enforcement purposes in secure areas and personal areas. Such use must be authorized by the VA health care facility Director and the VA health care facility Chief of Police before the equipment may be used. If the VA health care facility Director is under investigation, the following process applies:

(1) The party or parties seeking authorization to covertly produce photographs, digital images or video or audio recordings must submit a request to the VISN Director overseeing that VA health care facility.

(2) The VISN Director, along with the VA health care facility Chief of Police of the VA health care facility, will be responsible for reviewing and approving requests (if appropriate) before such equipment may be used.

b. VA health care facilities may use equipment to covertly produce photographs, digital images or video or audio recordings to investigate suspected cases of VHA workforce misconduct in secure areas and personal areas. Such use must be authorized by the VA health care facility Director, Chief Counsel and the Senior Stratefic Business Partner of the VA health care facility before the equipment may be used. If the VA health care facility Director is under investigation, the following process applies:

(1) Member of VHA workforce seeking authorization to covertly produce photographs, digital images or video or audio recordings must submit a written request to the VISN Director overseeing that VA health care facility.

(2) The VISN Director will be responsible for reviewing and approving requests in a timely manner, i.e., 5 business days, after consultation with the VA health care facility Chief of Police before such equipment may be used.

**3. OTHER AREAS**

a. VA health care facilities must notify individuals entering these areas that they may be subject to photography, digital imaging or video or audio recording by VHA. There is no need to obtain the written consent of persons in these areas prior to the production of photographs, digital images or video or audio recordings. Notification may be in the form of signage created and mounted consistent with VA signage guidelines found in VHA Directive 1850.05, Interior Design Operations and Management Program, dated September 22, 2017.

b. The use of security surveillance television (SSTV) must be done in accordance with procedures established by VA's Office of Security and Law Enforcement in the Office of Security and Preparedness. For more information see VA Handbook 0730, Security and Law Enforcement, dated December 12, 2012.

c. For purposes of this directive, VHA Call Centers are considered part of a designated other area and Call Centers must notify participants if their conversations may be monitored or recorded. However, Call Center operators do not need to have participants sign VA Form 10-3203, in order to monitor or record these conversations.

d. If the investigation would involve the VA health care facility Director, the following process applies:

(1) Members of VHA workforce seeking authorization to covertly produce photographs, digital images or video or audio recordings must submit a written request to the VISN Director overseeing that VA health care facility.

(2) The VISN Director will be responsible for reviewing and approving requests after consultation with the VA health care facility Chief of Police before such equipment may be used.

e. A Veteran may be photographed by a member of the VHA workforce as part of official duties, to produce a Veterans Health Identification Card for the purpose of identifying the patient when presenting for care. This is considered as part of the treatment process under the HIPAA Privacy Rule. ***NOTE:*** *For additional information, see VHA Directive 1601A.01, Registration and Enrollment, dated July 7, 2020.*

## RULES REGARDING THE PRODUCTION OF PHOTOGRAPHS, DIGITAL IMAGES AND VIDEO OR AUDIO RECORDINGS OFFSITE DURING TOUR OF DUTY

***NOTE:*** *The rules described in this appendix are meant to be used in conjunction with the standards and responsibilities outlined in the directive.*

### 1. TELEWORK - OFFICAL DUTY STATION

a. Members of the Veterans Health Administration (VHA) workforce may not engage in overt or covert use of equipment to produce photographs, digital images or video or audio recordings at their official duty station even if it is a telework site during their tour of duty except as permitted by this directive.

b. Members of the VHA workforce will not produce photographs, digital images or video or audio recordings of other Department of Veterans Affairs (VA) employees without consent or notification while on duty at their official duty station even when State law permits one party consent recording. Members of the VHA workforce will follow VA policy during their tour of duty regardless of more lenient or less stringent Federal or State law.

### 2. ALTERNATE DUTY STATION AND TRAVEL

a. Members of the VHA workforce may not engage in covert use of equipment to covertly produce photographs, digital images or video or audio recordings while teleworking during their official tour of duty at an alternate duty station or on official travel.

b. Members of the VHA workforce will not produce photographs, digital images or video or audio recordings of other VA employees without consent or notification while on duty even when State law permits one party consent recording.

### 3. HOME-BASED PRIMARY CARE VISITS

a. Members of the VHA workforce may use equipment for overt production of photographs, digital images or video or audio recordings for treatment purposes during a home visit with the verbal consent of the patient or patient’s surrogate.

b. Members of the VHA workforce may not engage in covert use of equipment to covertly produce photographs, digital images or video or audio recordings in a patient’s residence, including assisted living facilities, while performing official VA duties even when State law permits one party consent recording. If a concern regarding the safety of a member of the VHA workforce performing home visits in a patient’s residence arises, the VA health care facility Home Based Primary Care (HBPC) policy or standard operating procedure (SOP) required by VHA Directive 1411, Home-Based Primary Care Special Population Patient Aligned Care Team Program, dated June 5, 2017, should be followed for reporting staff safety concerns. The member of the VHA workforce should not take independent, unauthorized action to covertly produce a recording of the patient.