**IN THE**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| KEVIN SOPER, | * | |
| *Plaintiff*, | * | |
| v. | * | No. 1:26-cv-00069-JRR |
| WILLIE FARRAR, ET AL., | * | |
| *Defendants*. | * | |

* * * * * * * * * * * *

**REPLY MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Charlene Notarcola, Clerk of the Circuit Court ("Clerk Notarcola"), and Robert Sentman, former Assistant State's Attorney and current Judge of the Circuit Court for Cecil County ("Judge Sentman") (collectively "State Defendants"), by their undersigned counsel, file this reply memorandum in support of their motion to dismiss the second amended complaint ("SAC")

## INTRODUCTION

Following the filing of the SAC, the State Defendants filed a motion to dismiss based on various immunities and general principles relating to sufficiently stating a claim (they had previously filed motions to dismiss the prior versions of the complaint. Mr. Soper filed a response in opposition. This reply addresses the arguments in the opposition.

## ARGUMENT

### I. CLAIMS AGAINST ROBERT SENTMAN FOR VIOLATION OF 42 U.S.C. § 1983

Mr. Soper asserts that Judge Sentman violated 42 U.S.C. § 1983 when he (1) advised the Veteran's Administration police officers to seek an arrest warrant for him; and (2) failed to provide discovery.

Providing advice to law enforcement may entitle Judge Sentman to qualified immunity rather than absolute prosecutorial immunity. A state official is immune from claims for damages under 42 U.S. C. § 1983 if his actions did "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Supreme Court has explained that "clearly established" means that "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011).

Mr. Soper contends that the advice to law enforcement was improper because the State of Maryland did not have jurisdiction over alleged crimes committed on federal property. The Appellate Court of Maryland, in an unreported decision, affirmed the conviction and specifically noted that Maryland Courts had jurisdiction over the case. *Soper v. State of Md.*, Case No. 1751, Sept. Term 2024, 2026 WL63063 *3 (App. Ct. Md. Jan. 25, 2026). Based on this decision, at a minimum, Judge Sentman has qualified immunity for his actions advising law enforcement to obtain an arrest warrant.

Previously, Mr. Soper filed a related case in this Court, *Soper v. State of Maryland*, Case No. 1:23-cv-03271. With its motion to dismiss, defendant State of Maryland filed

two exhibits. One exhibit verified that in August 1976 the administrator of the Veteran's Administration retroceded and relinquished to the State of Maryland concurrent jurisdiction over the Perry Point Veteran's Administration Medical Center. ECF 8-3. On September 1, 1976, Governor Marvin Mandel accepted the agreement. ECF 8-3. Additionally, an affidavit from James Dellmyer, State's Attorney for Cecil County, indicated that the State's Attorney had handled approximately 25 cases that occurred at Perry Point. ECF 8-4. These exhibits also support Judge Sentman's entitlement to qualified immunity.

The claims about discovery are subject to absolute prosecutorial immunity. The responsibility for providing discovery to a criminal defendant is strictly prosecutorial. It is an advocative function not an investigative one.

For these reasons and the reasons stated in the memorandum in support of the motion to dismiss the second amended complaint, the claims against Judge Sentman expressed in Counts II, III, and IV must be dismissed.

## II. CLAIMS AGAINST ROBERT SENTMAN FOR COMMON LAW TORTS

Judge Sentman has absolute prosecutorial immunity for the claims involving his advocative functions. These include his decision to obtain grand jury indictments and his conduct in relation to those grand jury proceedings. These also include his actions relating to discovery. See *State v. Rovin*, 472 Md. 317, 350 (2021).

As for the other claims, Mr. Soper has failed to sufficiently allege malice or gross negligence. There can be neither malice nor gross negligence in seeking an arrest warrant that is jurisdictionally valid. Further, there is no factual allegation to support claims of

malice or gross negligence. In short, the SAC fails to allege any facts that support a finding that Judge Sentman acted in any way other than that of a prosecutor doing his job.

## III. CLAIM AGAINST CLERK NOTARCOLA

As a state official, Clerk Notarcola has qualified immunity for any alleged violation of 42 U.S.C. § 1983. In this case, Mr. Soper's claims against Clerk Notarcola allege that she falsified the docketing dates of motion and a court order that denied him the ability to engage in the appellate process. This Court can take judicial notice of pleadings filed in state courts. *Barbour v. Garland*, 105 F.4th 579. 584-88 (4th Cir. 2024). Review of MDEC, the electronic filing system for Maryland cases indicates that Clerk Notarcola properly docketed the items in case no. C-07-CR-23-000258. The motion to recuse was docketed on June 14, 2024 and the order denying the recusal was docketed on June 24, 2024. Accordingly, the factual basis for this claim lacks support. The docket entries match the filing dates on the documents.

Additionally, in the unreported appellate decision affirming the conviction in the circuit court, the court noted that Mr. Soper's right to an in banc review of the decision denying his recusal motion was premature. In banc reviews under Maryland Rue 2-551 must be filed after the entry of a judgment—not after an adverse ruling on a motion. Mr. Soper's allegation that Clerk Notarcola denied his the appellate opportunity lacks merit since he was not entitled legally to seek review of the denial of his motion to recuse.

The common law claim of fraud fails to state a claim since it is based on the same factual allegations as the federal claim.

## CONCLUSION

For the reasons in the motion to dismiss, the memorandum in support and this reply memorandum, this Honorable Court should dismiss the second amended complaint with prejudice.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Wendy L. Shiff

_______________________________
WENDY L. SHIFF
Federal Bar No. 09076
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
wshiff@oag.state.md.us
(410) 576-6996
(410) 576-6955 (facsimile)

October 19, 2026

*Attorneys for Defendants*
*Charlene Notarcola and Robert Sentman*

## CERTIFICATE OF SERVICE

I certify that, on this 19th day of October, 2026 the foregoing was served by CM/ECF on all registered CMF users.

/s/ Wendy L. Shiff

_____________________________
Wendy L. Shiff